ELISHA COOKE, Respondent, v. WILLIAM SPEARS, Appellant.

The statutes authorising amendments to pleadings, have in view the furtherance of justice, and this passes the whole matter over to the discretion of the Court.

If such discretion be abused, or illegally exercised, an Appellate Court will interpose.

If a defendant fail to plead the statute of limitations at the proper time, he will not be be permitted to amend his answer, so as to introduce the plea, unless it be in furtherance of justice.

The plea of the statute of limitations is not favoured, unless in aid of justice; but the Court should allow it to be pleaded at *any time*, when justice will be attained thereby.

When the plea of the statute is claimed as a mere legal right, it must be pleaded in the first instance, and has no day of grace thereafter.

APPEAL from the Superior Court of the City of San Francisco.

The only question raised in the trial of this cause in the Court below, was as to the right of defendant to amend his answer, by adding a plea of the statute of limitations.

The action was commenced on the 3rd of March, 1852, and the claim was for a bill of goods, sold to the defendant in the month of March, 1851; which claim it was alleged had been assigned to plaintiff. Defendant pleaded the *general issue* and set-off. The cause came on for trial March 18th, 1852; before the jury had been empanelled, the defendant's counsel applied to the Court for leave to amend the answer, by adding the plea of the statute of limitations. This the Court refused; and the question came up before this Court, on appeal by defendant.

*Cooke*, for respondent.

The Court below had the *power*, and in the exercise of a legal discretion, it was its *duty* to have allowed the amendment. As regards the power, the 68th section of the act provides that, "The Court may, in *furtherance of justice*, and on such terms as may be proper, *amend any pleading* or proceeding, by adding

or striking out the name of any party, or by correcting a mistake in the name of a party, or a *mistake in any other respect.*" And the 7th section provides that, "the Court *shall, in every stage of an action disregard any error or defect in the pleadings* or proceedings, *which shall not affect the substantial rights of the parties.*" Under these provisions the only legitimate inquiry of the Court should be, whether or not any substantial right has been affected, and if so, to allow the amendment. As regards the character of the right in this case, there can be no question, as the plea proposed would have been a complete bar to the action. As to the doctrine of "Amendment," see Williams *v.* Wheler, 1 Barb. S. C. Rep. 48. There can, therefore, be no question as to the power.

The defect of the pleadings was owing to no oversight or neglect on the part of the defendant, but solely to the mistake or other cause of his attorney. And this should not be allowed to prejudice his rights; Neele *v.* Berryhill, 4 W. Rep. 16; Ib. Clark *v.* Berryhill. And as to the objection, that the plea of the statute of limitations is not favoured by Courts, see Pothier on Contracts, pt. 3, ch. 8, art. 2, by Evans, vol. 1, 451. See, also, Batteby *v.* Faulkner, 3 B. & Al. 292; Killing *v.* Shaw, 1 Mor. 345; Green *v.* Rivett, 2 Salk. 422.

*Cooke,* for respondent—

Read the 68th section of the Practice Act, and argued that the question was one entirely within the discretion of the Court. And in this case no affidavit was offered, which the act requires. "The Court may, upon affidavit, showing good cause, after notice to the adverse party, allow," &c., an amendment.

The plea is not favoured by Courts. See Nolcet *v.* McFarlan, 6 Hill, 227.

The opinion of the Court was delivered by

ANDERSON, Justice.—This was an action brought for the recovery of a debt assigned by William S. Walton to the plaintiff.

The debt and the assignment were proved, and a verdict was rendered for the plaintiff, and judgment entered accordingly.

The counsel for the defendant have moved for a new trial, upon the ground that before the jury had been empanelled, the

leave of the Court was asked to amend his answer by adding a plea of the statute of limitation ; which was refused by the Court, and to which he excepted.

The object of the statute in reference to amendments, is unquestionably the furtherance of justice. So far as that goes, Courts ought to be disposed to treat such applications favourably. In most instances it is a matter of course, that they should be granted. But Courts have not been inclined to look very kindly upon statutes of limitation, except where they were used as the instruments of justice, and not of strategy. For example, there is a wide distinction between the protection of minor heirs by such means, and the facility on the other hand, afforded to the wary and skilful of escaping from the payment of an equitable demand. In the first case the whole scope, force, and effect should be given to the law; in the latter, it would only be reluctantly allowed its course for the sole end of maintaining it as a general rule of conduct. The single evil of that occasion would be less pernicious than the violation of the law, for the purpose of doing justice.

It is true, also, in some codes of practice, grown up, no doubt, out of reasons like the preceding, that Courts require that a statute of limitation, if applicable, should be pleaded in the first instance. The legal policy of all this must depend very much upon the character of the statute itself. But as a general principle I deem it an utterly unsafe rule to go by. It is better to bring it so far within the discretion of the Court, as to allow it to be pleaded at any time upon terms, if it be proper, where the ends of *justice* will be attained by it. A wise legislation ever contemplates this result; and we are, therefore, bound to presume that the language of our statute authorizing the allowance of amendments, was with this particular view. The section of the statute upon this subject begins by declaring, that Courts may, "in furtherance of justice," permit amendments to be made. This certainly passes the whole matter to the discretion of the Court. If the record in any such case should disclose, however, that discretion to have been abused, which means no less and no more than being illegally exercised, it would be the duty of the appellate Court to correct it, and apply the remedy as promptly as though the error had occurred from any other cause.

In this case, there is nothing which shows that the Court erred. Exactly the contrary may reasonably be inferred.

If the statute of limitations had been pleaded in the first instance, there would have been no ground to have objected to it, and the Court would have had no legal discretion to have ordered it to be stricken out. But having been omitted, when the application to amend was made, the first question certainly presented was, Will it be in the furtherance of justice? Such is the language of the statute. Such clearly was the intent of the law.

The words "may and shall," it is true, should be considered in the construction of the law as convertible terms. But we take it, and the Judge below was not bound to allow the amendment, unless it would further the ends of justice. He refused it, doubtlessly, believing the contrary; and we think he did right, as he also did, in refusing a new trial. The same reason continues.

The record does not disclose that any attempt was made by the defendant by affidavits or otherwise, to show that it was necessary to permit the amendment, in order to obtain justice.

It was claimed solely as a legal advantage, to which at one time he would have been entitled; but it is a wise conservation, that it should have but its day in pleading, and no grace of right after, beyond the extent of justice. If that existed in this case, it was not shown. If it had been so, the case would have presented very different legal pretensions to the consideration of this Court.

Let the judgment be affirmed with costs.