### J. R. DUBLIN ET AL. v. TAYLOR, BASTROP & HOUSTON RAILWAY COMPANY.

No. 769.   Decided March 23, 1899.

**1.   Independent Contractor —Reservation of Control.**

While reservation of control over a contractor as to particular acts will not make
the employer liable as a master with respect to the whole work, it does so with re-
spect to acts as to which such control is reserved. (P. 538.)

**2.   Same—Railway Construction—Highway Crossings.**

Under a contract for railway construction providing for designation of the points
for putting in highway crossings by the company's engineer, the contractor was not
independent with respect to such matter, and the company was liable for injury to
one using an improperly constructed crossing, not on the public road, but so con-
structed as to indicate it to the public as the point where travelers were expected to
cross.   (Pp. 537-539.)

**3. Amendment—Limitation.**

The refusal to plaintiff of leave to amend pleadings (an allegation of coverture in reply to a plea of limitation) after entering upon the trial, was a matter committed to the discretion of the trial court and not ordinarily subject to review. (P. 540.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Fayette County.

Dublin et al. sued the railway company and Burkitt for damages caused by death of Roland Dublin, son of plaintiffs. The trial court instructed the return of a verdict for defendants, which was affirmed on appeal by plaintiffs, and thereupon they procured writ of error.

*L. W. Moore, W. S. Robson* and *J. T. Duncan,* for plaintiffs in error.— The true test is, was there a control or direction of the contractors, or their employes, by the railway company, in opposition to the mere right to object to the quality or description of the work done? Transport Co. v. Coneys, 28 C. C. A. (U. S.), 388.

If the contract gave the railway engineer the right, or power, to direct how the work or any part of it should be done, the contract was not independent.

If the evidence tends to show that the contractors agreed with the railway company to put in this crossing where it was put in, or that the railway company authorized the contractors to put it in, then the railway company which employed the contractors is equally liable to all injured parties. McNamee v. Hunt, 30 C. C. A. (U. S.), 653; Water Co. v. Ware, 16 Wall., 576.

If there was any evidence tending to show that the railway company contracted with Burkitt & Murphy to make and put this crossing where it was, or authorized the contractors to put it in, then the question was one for the jury. When the evidence is conflicting or where there is no conflict in the evidence, but different men, equally sensible, and equally impartial, would make different inferences, then it is a question for the jury. Railway v. Healy, 30 C. C. A. (U. S.), 14, 15.

*Brown & Lane* and *A. W. Gregg,* for defendants in error.—Nonliability for act of independent contractor or his servants. Railway v. Warner, 88 Texas, 642; Railway v. Meador, 50 Texas, 87; Cunningham v. Railway, 51 Texas, 511; Railway v. Van Bayliss, 1 W. & W. C. C., sec. 500; Burton v. Railway, 61 Texas, 535; Railway v. Culberson, 72 Texas, 384; Pierce on Railroads, 286 to 290; Wood on Mast. and Serv., secs. 281 to 314; 2 Thomp. on Neg., chap. 19; 14 Am. and Eng. Enc. of Law, 830 to 837.

Duty in reference to crossing at point in question. Railway v. Warner, 88 Texas, 642; Railway v. Montgomery, 85 Texas, 68; Wood on Mast. and Serv., 614.

BROWN, ASSOCIATE JUSTICE.—Plaintiffs in error filed this suit in the District Court of Fayette County to recover of the railway company and G. W. Burkitt damages for the death of Roland Dublin, son of plaintiff, J. R. Dublin, and Mrs. Warner, the latter having been the wife of J. R. Dublin, but divorced and subsequently married again. It was alleged that the deceased was killed while passing over the defendant's railroad in a wagon at the intersection of the said railroad with a public road in the county of Fayette. It is alleged that if the said road was not a public road under the law, it was so in fact, and had been traveled by the public for many years. That there was no other crossing over the said railroad near to its intersection with the said road. That the railroad company caused the crossing to be made at the point alleged, which had been used by all persons traveling in that direction, and that the father of the deceased boy, who was driving the wagon at the time, believing it to be a public road and the proper place to cross the said railroad, followed the course of travel upon the said dirt road at its intersection with the defendant's railroad. It is alleged that the crossing at this point was negligently constructed and defective in such a way that the boy who was riding upon the wagon was thrown therefrom and killed. G. W. Burkitt was made a party defendant by amendment, with allegations sufficient to hold him liable for the damages if his firm were independent contractors in the construction of the said road. He pleaded limitation to the action, which plea was sustained by the evidence.

The Taylor, Bastrop & Houston Railroad Company pleaded a general denial, and especially that, at the time the accident occurred to Roland Dublin, said railroad was in the possession and under the control of Burkitt & Murphy, who were independent contractors and built the said road for the railroad company; that the said contractors had never delivered the same to the defendant railroad company at the time of the injury.

The proof showed that the dirt road which crossed the railroad at the place where the injury occurred was not a public road in the sense of the statute, but that it had been traveled by the public for a number of years, and that the public road which had been laid out by the county was intersected by the railroad about 200 yards from the place where the injury occurred; that the public road was not traveled, and there was no crossing at this intersection with the said railroad.

The evidence showed that Burkitt & Murphy, under a contract entered into with the defendant railroad company, had constructed the said road and had, but a few days previously thereto, placed said crossing where it was; that they had not delivered the railroad to the company at the time of the injury. The contract between the railroad company and Burkitt & Murphy contained the following clause: "Public and private roads, recognized as such by the engineer, when crossed by the line of the road, must be kept open in condition for use until such permanent roads as may be directed by the engineer are formed and ready to receive the regular travel."

It was proved that the engineer of the railroad company was with the construction gang during all the time that it was building the said road, and that all crossings over dirt roads were put in at the points designated by the engineer and at no others. It was also in proof that the engineer in charge ordered this crossing to be repaired within a few days after the accident happened.

The death of Roland Dublin was established as having occurred by reason of an accident at the point alleged upon defendant's road and under circumstances which would justify the jury in finding that the party liable was guilty of negligence in the construction of the crossing. It was proved that J. R. Dublin and Mrs. Warner were the father and mother of the deceased boy.

The District Court charged the jury as follows:

"Plaintiffs sue to recover damages for the alleged negligent killing of their child.

"It appears from the contract in evidence and the undisputed testimony that the section of the railroad upon which the accident occurred was, at the time, still in charge of Burkitt & Murphy, as independent contractors, and had not been accepted and delivered to the defendant company. The defendant company is not, therefore, liable for any negligence or wrong committed by the contractors.

"As to the defendant Burkitt, it appears conclusively by undisputed evidence that any claim against them by reason of the alleged wrong is barred by limitation.

"For these reasons, you are instructed to return a verdict for both defendants."

A verdict was returned for the defendants and judgment entered accordingly, which judgment was affirmed by the Court of Civil Appeals.

The learned judge who presided at the trial of this case in the District Court held that Burkitt & Murphy were independent contractors in the construction of the defendant's road and had possession of the property at the time of the injury, and instructed the jury to return a verdict for the railroad company.

It is not necessary for this court to determine whether Burkitt & Murphy were independent contractors under their contract with the railroad company as to other parts of the work, for, by the contract, the railroad company reserved the right to designate the points at which crossings should be put in on private and public roads, the contractors having no right to even close up a road until it had been passed upon by the engineer of the railroad company. While it is true that a reservation of control over that part of the work would not alone make the railroad company liable as master for the whole work, yet in respect to crossings at intersections of all roads it acted as master in exercising the reserved powers, and will be held responsible for the consequences. Woods' Law of Mast. and Serv., sec. 315, p. 616; 2 Woods' Ry. Law, 1017; Kelly v. Howell, 41 Ohio, St., 438; Allen v. Hayward, 53 Eng. Com. Law Rep., 974.

In the case last cited, the commissioners of a navigation company had contracted with a party for the performance of certain work. The question was whether, for damages arising from the act of the contractor, the commissioners were liable. The court said: "The doubt is raised by the contract, which expressly requires that all such parts of the said work to be done by Button, as are not in particular manner specified and described in the contract or the plans or specifications, shall be executed in such manner as the surveyor of the said works for the time being shall direct, and in good and workmanlike manner." It was held that, with regard to such works as were not specified in the plans and specifications, the commisssioners would be liable, although in other respects the contractor was independent.

We think there can be no doubt that the effect of the clause above quoted was to reserve to the railroad company the power to designate the place at which road crossings, private or public, should be put in, and that, as to such act, Burkitt & Murphy were not independent contractors. If the engineer directed the work to be done at this place or designated it as the place at which the crossing should be made, then it was the act of the railroad company, for which it is liable in case damages ensued from the improper construction of the work.

When the case was before this court at a former term (88 Texas, 642), the judgment was reversed because the trial court submitted the question of liability of the company on the ground that the crossing in question was at the intersection of the railroad with a public road. This court hesitated to reverse the judgment, for the reason that the evidence so strongly indicated liability on the part of the railroad company because it directed the crossing to be constructed at that place and thereby invited the public to use it, that we were in doubt whether any other verdict could have been rendered if the proper charges had been given. This court said: "There was evidence sufficient to have justified the jury in finding that the crossing was constructed by the railway company, and that it was thereby made liable by reason of the fact that it operated as an invitation to persons to cross thereon. But this fact is not so clearly established by undisputed evidence as to justify us in saying that the charge given by the court did not result in injury to the railway company." The evidence upon that question is even more conclusive now than appeared in the record at that time. The fact that it was the duty of the engineer of the railroad company to designate which of the roads should be prepared for public travel, and that the contractors had no right to obstruct either one of them until the designation was made, gives great force to the further fact that a crossing was constructed at this place; but, in addition to that, the regular county road intersected the same railroad about 200 yards from that point, at which place no crossing was put in, although it was the statutory duty of the railroad company to put one there. From these facts, we think it can not be disputed that the jury might have found from the evidence that the engineer performed his duty to the railroad company and selected

the intersection of this instead of the public road at which to locate the crossing.

Whether it occurred through mistake or design is of no importance; the important fact is that the crossing was so constructed at the place where the injury occurred as to indicate to the traveling public that this was the point where the railroad company expected travelers to pass over its roadway. Argument could not add to the probative force of these facts to show not alone that the invitation was strongly implied in the appearances of the roadway, but the conditions created by the railroad company left no choice.

Having put in the crossing over the private road in such manner as to justify the public in using it as if it were a crossing at the public road, the railroad company is liable for the damages which may occur by reason of the improper construction or maintenance of such crossing. Railway v. Bridges, 74 Texas, 520.

Whether Mrs. Warner should be permitted to amend her petition after beginning the trial was within the discretion of the district judge, and we have no power to revise his action in the premises.

The evidence was undisputed that the cause of action against Burkitt was barred by the statute of limitations, and the court properly instructed the jury to return a verdict for Burkitt.

The judgments of the District Court and Court of Civil Appeals, as between the plaintiffs in error and Burkitt, are affirmed, and the plaintiffs in error will pay all costs incurred by said Burkitt. As between the plaintiffs in error and the Taylor, Bastrop & Houston Railway Company, the judgments of said courts are reversed and the cause remanded. It is ordered that the Taylor, Bastrop & Houston Railway Company pay all costs of this court and the Court of Civil Appeals, except so much as is hereby adjudged in favor of Burkitt.

*Reversed and remanded.*