BASKERVILLE V. GAAR, SCOTT & CO.

1.  An order permitting an amendment to an answer is largely discretionary, and should not be reversed where no abuse of discretion is shown

2.  Where it appears by the abstract that certain evidence was introduced by appellant, or the matter is left in doubt as to the manner in which the evidence came into the record, the question of error in its admission will not be considered.

3.  Where plaintiff sold machinery for defendant under a contract for a percentage of cash payments, and of notes, when paid, but not of unpaid notes, when a machine was returned to or taken back by defendant, plaintiff is entitled to his commission on a partial payment of a note made before the machine was taken back by defendant.

(Opinion filed November 20, 1901.)

Appeal from circuit court, Codington county, HON. JULIAN BENNETT, Judge.

Action by M. R. Baskerville against Gaar, Scott & Co., upon a balance alleged to be due as commissions. From a judgment for defendant, plaintiff appeals. Reversed.

*John B. Hanten* and *C. X. Seward,* for appellant.

*M. E. Sheldon* and *S. B. VanBuskirk,* for respondent.

CORSON, J.   The appellant brought this action to recover of the defendant the sum of $195.50, claimed to be the balance due him as commissions on the sale of certain farm machinery.   At the close of the plaintiff's evidence a judgment was directed for the defendant,

and from this judgment and from the order denying a new trial, the plaintiff has appealed. The principal question involved in this case is as to the construction of the contract entered into between the plaintiff and the defendant as to the commissions to be paid for the sale of such machinery. The complaint is based upon four certificates issued by the defendant to the plaintiff, in the following form: "M. R. Baskerville, agent for Gaar, Scott & Co., is entitled to forty-five dollars, commission on note of G. J. and R. D. Vandelinder, taken for machinery sold by said agent; the said note being for $250.00, No. 17,981, due Oct. 1, 1897. This certificate is payable by Gaar, Scott & Co., at their office only, when said note has been paid in full, less the proportion of expense, if any, incurred in collecting the same, and is subject to all claims against the party to whom this certificate is issued. This certificate will bear 7 per cent interest, the same as the note above described, to be computed from August 10, 1896. This certificate is issued in accordance with the terms and conditions of the contract of agency existing between Gaar, Scott & Co. and the said agent for the year 1896. Not transferable." The material parts of the contract under which the sales were made by the plaintiff are as follows: "And it is further agreed, in case any machinery shall be delivered, and afterwards returned by the purchaser, that no commission shall be payable on such sale and delivery, and, if the commission has been paid previous to such return, it shall be refunded by the party of the second part to the party of the first part. The party of the first part, at its option, and without notice to party of the second part, may extend the time of payment, change or release securities taken, compromise or settle as to it shall seem best, any notes or securities taken for sales made; and the commissions in said sales shall not become due and payable until said notes and securities taken are fully paid in cash, and the money

received by the company. From such settlement the company will deduct all disbursements made and the price of the machinery sold, with commission deducted, and the balance will be the commission, but in no case to exceed the commission on each machine or engine, based upon sales according to price list. And the said party of the first part hereby agrees to pay and allow the said party of the second part, as payment in full for all duties as such agent, a commission on the printed price list on such sales only as shall be made by said agent and accepted by Gaar, Scott & Co. * * * All commissions shall be prorated, and no commissions on time sales shall be due on the deferred payments, except such payments as are met. Commissions on time sales shall be evidenced, as to each note taken, by a non-negotiable certificate, payable when the note upon which the same has been issued shall have been paid in full, less the proportion of discount and expense, if any, allowed or incurred on said note. Any commission due or to become due shall at any time be subject to any debt, liability, or obligation due or to become due from second party to said first party, arising from this agreement or through the business transacted under it, and the said first party has a right thereto, to apply said commissions on said obligations at their option. It is further understood and agreed between the respective parties hereto that in case of foreclosure or the return to Gaar, Scott & Co. of goods sold under this contract, then and in that case the party of the second part shall be entitled to no commissions upon such sales, other than those which may have accrued from payments made before such foreclosure or return of goods as above stated." It appears from the evidence in the case that the sale of the farm machinery was made by the plaintiff for the sum of $2,000, and that after the payment of $950 thereof, the commissions on which were paid to the plaintiff, the defendant entered into

the following agreement with G. J. and R. D. Vandelinder, the purchasers of the machinery: "The undersigned mortgagors do hereby release, assign, and transfer unto Gaar, Scott & Co., mortgagee, all and singular, the goods, chattels, and property described in the within and annexed mortgage, for value received, together with immediate possession thereof, * * * and hereby appoint D. L. Shields true and lawful attorney, hereby authorizing him to sell and dispose of the same at private sale, for cash or on credit, at such price and terms as he may deem best, and to apply the net proceeds of such sale to the debt secured by said mortgage; hereby ratifying all he may lawfully do, either in person or by substitute, in the premises; hereby expressly waiving all notice of sale and all proceedings to foreclose the equity of said mortgage, and confirming the title of the purchaser of said property, or any part thereof." At the same time three notes for $250 each and one note for $300, aggregating $1,050, less $103.50 paid on one of the notes, were canceled by the defendant by the following indorsement upon each of them: "The within note is canceled by the return of the machinery." The notes so canceled bore date August 10, 1896, and were in the usual form, and signed by George J. and R. D. Vandelinder. It was shown that on one of these notes $103.50 had been paid by the makers thereof, and that no part of said money had been turned over to the plaintiff as his commission. The machinery returned to the defendant was received in satisfaction of the balance due upon its said claim.

After a jury was called to try the case, the defendant asked leave to serve an amended answer; less than twenty days having elapsed since the service of the answer. To this amendment the plaintiff, by his counsel, objected, for the reason, he claimed, that the amendment raised a new issue; but the amendment was allowed, and the

plaintiff excepted.   It is contended on the part of the appellant that the court erred in permitting this amendment of the pleading at the time of the trial.   An amendment of a pleading is largely in the discretion of the trial court, and unless there is an abuse of such discretion the judgment will not be reversed by reason of such an amendment.   We think the contention that a new issue was raised was not well founded.   No application was made for a continuance on the ground of the amendment, and we are of the opinion that the court committed no error in granting leave to amend.

Appellant assigns as a third ground of error that the court erred in admitting in evidence the contract of settlement between the Vandelinders and the defendant, under which the four notes mentioned were canceled, and the machinery returned to the defendant.   On an examination of the appellant's abstract and the respondent's additional abstract, it would seem that these exhibits were introduced in evidence on the part of the appellant, or at least the matter is left in doubt as to the manner in which they came into record.   In view of that fact, we shall pass that assignment of error without further comment, as error must be affirmatively shown on the part of the appellant.

It is further contended by the appellant that the court erred in directing a verdict for the defendant for the reason that the appellant was entitled to his commission upon the $103.50 paid by the purchasers to the defendant, and indorsed upon one of the notes. We are of the opinion that the appellant is right in this contention. Under the terms of the contract, construing its various provisions together, and especially in view of the last clause of the contract, which provides that in case of foreclosure or return of property to the defendant, "the party of the second part shall be entitled to no commission upon such sales, other than those which have accrued

from payments made before such foreclosure or return of goods as above stated," The plaintiff is clearly entitled to his commissions out of the $103.50 so paid. This clause of the contract clearly so far modifies the other clauses of the contract as to allow the plaintiff, in any event, to recover commissions upon money paid upon the note before the foreclosure or return of the property to the defendant. In this case it is admitted in the answer and shown by the evidence that the $103.50 was paid before the property was returned to the defendant. It is true, the note on which this payment was made was not paid in full, but the money paid upon the note was received by the defendant before the property was taken; and that is sufficient to entitle the plaintiff to his commissions thereon, under this clause of the contract. The court therefore erred in directing a verdict for the defendant, and a new trial must be granted.

In the present condition of the record, we do not deem it proper at this time to express any opinion as to the construction to be given to the other provisions of the contract.

The judgment of the circuit court is reversed, and a new trial granted.