SUCCESSORS OF JOSÉ MARTÍNEZ, APPELLANTS, *v.* TOMÁS DÁVILA & CO., RESPONDENTS.

APPEAL from the District Court of San Juan, Section 2.

No. 928.—Decided May 21, 1913.

AMENDMENT OF PLEADINGS—DISCRETION OF COURT.—The courts of Porto Rico have the inherent authority to permit amendments of allegations in the pleadings, and such authority is conceded by the Code of Civil Procedure and is purely discretionary.

ID.—DISCRETION OF COURT.—The discretionary power of courts to grant leave to amend the pleadings should be exercised in accordance with the circumstances surrounding each case in order to further the ends of justice.

ID.—ABUSE OF DISCRETION—APPEAL.—Rulings of trial courts allowing the amendment of pleadings will be reversed on appeal only when it is clearly shown that the trial court abused such discretion or exceeded its discretionary powers.

ID.—RULING ON MOTION TO AMEND.—When leave to amend the complaint is asked at the beginning of a trial the court should decide the question either negatively or affirmatively and should not order the party to withdraw the amendment and present the same later if necessary.

ID.—FUNDAMENTAL ERROR—REFUSAL OF LEAVE TO AMEND.—In the light of the circumstances of this case the trial court committed a fundamental error in refusing leave to the plaintiff to amend his complaint during the trial by adding thereto the allegation that Tomás Dávila & Co. had taken charge of the assets and liabilities of the former firm of Tomás Dávila.

The facts are stated in the opinion.

*Messrs. Bosch* and *Soto* for appellants.

*Mr. Cayetano Coll y Cuchí* for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an action for the recovery of $4,033.43, alleged to be due by the defendants to the plaintiffs for merchandise

sold and delivered. The original complaint herein was filed on May 20, 1911, in Section 1 of the District Court of San Juan. Apparently it was afterwards transferred to the Second Section. The defendants answered the complaint in due time. Judgment was rendered and an appeal taken to the Supreme Court of Porto Rico, where the judgment was reversed and the case remanded for further trial in the court below. After amendment was made of the pleadings, finally on June 6, 1912, the second amended complaint was filed by the plaintiff, and with that pleading the transcript herein presented begins.

No formal assignment of errors is presented as required by rules Nos. 42 and 43 of this court, but it may be gathered from the statements made in the appellants' brief that they complain of two errors said to have been committed by the court below, which are as follows: First, that the trial court erred in not granting the plaintiffs permission to amend their complaint, and at the same time in failing to apply sections 136, 137 and 140 of the Code of Civil Procedure to the proceedings in this case; and second, that the trial court erroneously interpreted section 138 of the Code of Civil Procedure in holding that it was applicable to the present case.

Respondents' counsel, in his brief, restates these errors complained of by the appellants in the following form, to wit: First, that the court erred in not permitting the amendment proposed at the beginning of the trial and before the introduction of the evidence; second, that the court erred in not admitting the amendment proposed after the introduction of the evidence. This restatement is not objected to by the appellants.

After a careful study of this case it is manifestly clear that the only fundamental question involved therein is whether or not the party plaintiff should have been permitted to amend their complaint. In order to decide this question it is necessary to ascertain of what the amendment consists,

on what ground it was requested and why it was denied by the court.

The successors to José Martínez, the appellants herein, as has been briefly stated, filed a complaint against Tomás Dávila & Co., for the recovery of a certain sum of money, in the District Court of San Juan. The defendants made their answer and the case was set for trial on July 23, 1912. On that day the case being called and the parties declaring themselves ready for trial, the pleadings were read, and immediately thereafter the party plaintiff asked permission to amend their complaint, by the addition of the following allegation, to wit: "8. The defendant took charge of the assets and liabilities of the extinguished firm of Tomás Dávila, from which the current accounts, the object of this complaint, arise."

For the sake of greater clearness, we may further state that it was set forth in the complaint that the defendants, Tomás Dávila & Co., had on various occasions purchased from the plaintiffs' store in San Juan certain merchandise, the value of which had not been paid; also that the said defendants had likewise purchased from various commercial firms in San Juan merchandise, on the dates and for the amounts set forth, the value of which had likewise remained unpaid, the said commercial houses having transferred to the plaintiff their respective credits. The facts are set forth in the complaint in proper detail.

In view of the foregoing statements let us consider the question of the amendment offered. Counsel for the party defendant objected to the granting of leave to file the same, whereupon the court ordered "the withdrawal of the amendment for the time being, reserving to the plaintiff the right to present it later, if necessary." The introduction of evidence was then begun and the witness, Generoso Candina, stated that he recognized an extract from the current account existing between Tomás Dávila and Candina, Castaños & Co., which account showed an unpaid balance in favor of

the latter for the sum of $418.18.   The extract was then offered in evidence, the defendant objecting for the reason, among other grounds, that the account appeared as being with Tomás Dávila and not with Tomás Dávila & Co.   The court refused to admit this evidence whereupon the party plaintiff took an exception and immediately reproduced his motion asking for leave to amend which was again denied. The party plaintiff again took an exception on this ground to the refusal of his application to amend.

The witness, Juan Miró, partner of the defendant firm, then testified that: "Tomás Dávila & Co. organized itself alone and took charge of the assets and liabilities of Tomás Dávila."   Counsel for the defendant requested the striking out of the witness's answer and the court so ordered.   The party plaintiff took an exception and again requested permission to amend his complaint in the form stated.   The court refused and the party plaintiff took an exception.

Thereupon the party plaintiff offered in evidence the deed executed in Manatí on May 13, 1911, before a notary public, regarding the organization of the firm of Tomás Dávila & Co.   A literal copy of the said deed appears in the statement of the case and paragraph 15 thereof states the following: "This partnership will take charge of the assets and liabilities of the former firm of Tomás Dávila."   The party defendant objected and the court refused to admit the document in question as its object was to prove that the firm of Tomás Dávila & Co. succeeded Tomás Dávila and this was not the purport of any allegation in the complaint.   The plaintiff took exception.

Juan Miró, who, as we have stated, is a partner of the defendant company, was then shown a circular letter signed by the witness and the other partner of the firm of Tomás Dávila & Co.   The witness recognized the document and admitted the signature thereof to be genuine.   The party defendant then offered in evidence the circular letter, in which it was shown that Tomás Dávila & Co. had taken charge of

the assets and liabilities of the firm of Tomás Dávila, which terminated its existence from that time. The defendant objected and the court refused to admit the document in question. The plaintiff excepted.

The party plaintiff thereupon offered in evidence the answer of the defendant, Tomás Dávila & Co., dated May 13, 1911, and set forth in the record of this suit. A complete copy of this answer is to be found in the statement of the case and the fourth clause thereof reads as follows: "The defendant took charge of the assets and liabilities of the merchant, Tomás Dávila, now manager of the partnership concern of Tomás Dávila & Co." The defendant objected and the court refused to admit the document in question; to which decision of the court plaintiff excepted.

Whereupon the following witnesses testified: Eudosio Cuétara, Servando Picó, José Herrero, José María del Valle, Bonifacio Cerame, Francisco Ortega and Roque González. All of the foregoing, being merchants of the city of San Juan, verified the accounts current of their respective firms with Tomás Dávila, the amounts of which were still due and owing, and the transfer of their balances in favor of the plaintiffs, Successors of José Martínez. Upon the presentation in evidence of the extracts of the current accounts so verified, the defendant objected thereto on the ground that they referred to Tomás Dávila and not to Tomás Dávila & Co., and the court refused to admit the documents, to which ruling the plaintiff excepted.

After the testimony of all the foregoing witnesses had been given, the party plaintiff again asked the court for permission to amend their complaint in the manner already indicated in order to have the same conform to the evidence. The party defendant objected and the court refused to permit the amendment; to which decision of the court the plaintiff took an exception.

The party plaintiff thereupon rested their case, whereupon the party defendant filed a motion for a nonsuit, which

was granted, the complaint being dismissed on the ground
that all the evidence offered tended to show that Tomás Dá-
vila alone was plaintiffs' debtor; that Tomás Dávila did not
figure in any capacity in the proceedings and that the suit
had been brought against Tomás Dávila & Co., who was an
entirely different person from Tomás Dávila. Costs were
ordered to be paid by plaintiff. The judgment was duly en-
tered on July 24, 1912, and this appeal was taken therefrom.

From the foregoing statement it will be seen that a single
legal proposition is presented for our consideration. It in-
volves the power and the duty of trial courts in regard to
amendments made, or sought to be made, by the parties in
their pleadings before or during the trial of the case. As
appears from the record, the original complaint had been
filed herein and two successive amendments made thereto
with leave of the court, and the one sought by the plaintiffs
and refused was a third amendment setting out a very ma-
terial matter on which to base the introduction of the evi-
dence necessary to support the judgment. Those sections
of the statute which it is alleged that the trial court im-
properly interpreted and failed to apply properly to the facts
of this case are Nos. 136, 137, 138 and 140 of the Code of
Civil Procedure, which are contained in Chapter VIII of Title
VII of the said code, which treats of various mistakes and
amendments and contains seven sections, beginning with sec-
tion 136 and ending with section 142. See pages 221, 222 and
223 of the Code of Civil Procedure. We may say now as
well as later, that it is the law beyond a doubt that the trial
courts have the inherent right to permit an amendment of
an allegation in the pleadings and that such authority is con-
ceded by our Code of Procedure and is purely discretionary;
of course, the discretion to be used in such cases being a
legal discretion and not a capricious one, and subject to be
revised at any time by the appellate court on clearly showing
an abuse thereof. *Marine Ins. Co.* v. *Hodgson,* 10 U. S. (6
Cranch), 217 *et seq.; Bullitt County* v. *Washer,* 130 U. S.,

145; *L. N. A. & C. R. R. Co.* v. *Hubbard,* 116 Ind., 193; *Pierson* v. *McCahill,* 22 Cal., 127; *Glasscock* v. *Hamilton,* 62 Tex., 143; *Cooke* v. *Spears,* 2 Cal., 409; *Shepard* v. *McNiel,* 38 Cal., 73; *Wells, Fargo & Co.* v. *McCarthy,* 5 Cal., 301 (90 Pac., 203); *Burnett* v. *Milnes,* 148 Ind., 230; *Donnelly* v. *Pepper,* 91 Conn., 363 (15 S. W. Rep., 879); *Baskerville* v. *Carr,* 15 S. Dak., 211 (88 N. W. Rep., 103); *In re* Benjamin, 181 Mass., 642; *Merchants' Life Association of the United States* v. *Yoakum,* 98 Fed. Rep., 251; *Dublin* v. *T. B. & H. R. R. Co.,* 92 Tex., 535.  The Supreme Court of Porto Rico has followed the decisions of the courts of last resort in the American States on this same question.  See *Asilo de Damas* v. *Martínez,* 8 P. R. R., 336; *Pérez Hermanos* v. *Oliver et al.,* 11 P. R. R., 380.

Moreover this discretion must be exercised by the trial court at the proper time and judiciously, having in view the furtherance of justice and the rights of all parties interested. Very rarely indeed has any appellate court reversed the action of a trial court in granting leave to either party to amend its pleadings; though numerous cases can be found in which errors in the contrary direction have been corrected.

Some confusion may be found to exist in connection with the theory which forms the basis of the motion of the plaintiffs for leave to amend.  It is clear that at the start they made their motion with the purpose of offering evidence to prove the facts set forth in the amendment.  Later, they drew up their motion so that their allegations might conform to the evidence.  This is clearly not a case of amendment to conform the pleadings to the evidence.  This testimony offered was not admitted and therefore no evidence had been introduced to prove the truth of the allegations set forth in the original complaint or any proposed amendment.  The proof offered and not admitted could alone be examined to decide as to the propriety of the amendment.  Before an amendment can be made to conform to the evidence there must be proof which has been received and to which the amendment

offered will conform. Such is not the case here. If the amendment had been already made, all the evidence offered would have been admissible and would doubtless have been admitted without any difficulty whatsoever.

There is also some confusion with regard to the grounds or reasons that the trial judge had in mind in denying the plaintiff permission to amend his complaint, as at times it seems that we may infer that the court believed that, taking into consideration the conditions surrounding the suit, it had no power to order the amendment, or that knowing the extent of his power he decided, after estimating all the circumstances, that he ought to refuse, as he did refuse, the leave to amend as prayed for. In any event, analyzing collectively the proceedings that have taken place and the circumstances surrounding the case, the conclusion must be reached that the party plaintiff, at the time of the trial and before the introduction of the evidence, requested leave to amend his complaint by adding thereto the allegation that the defendant firm had taken charge of the assets and liabilities of Tomás Dávila, who had gone out of business, from which latter person the current accounts to which the complaint refers were due; that the defendant company excepted; that the court refused leave to amend, not absolutely but by ordering the party who presented the same to withdraw the amendments for the time being, reserving to him the right to present the same later, if found necessary; that subsequently the party plaintiff, deeming it necessary for his purpose, asked for leave to amend his complaint, on various occasions at the time he presented evidence for the consideration of the court, consisting of the testimony of witnesses— one of whom was the partner of the defendant concern—of a notarial instrument and of a circular letter emanating from the party defendant, recognized as having been authentic by one of the partners, and of a former answer in the suit, all of which evidence tends to show the actual and positive existence of the facts set forth in the proposed amendment.

And lastly plaintiff made a motion asking for leave to amend his complaint in order that same might conform to the evidence.

The Porto Rican courts, as well as those of the several States of the Union, in accordance with law, have ample powers to authorize proper amendments to complaints. The granting of leave to amend rests in the sound discretion of the trial court, to be exercised in accordance with the circumstances surrounding each case and with the object of conforming, in so far as possible, with the ends of justice. And it is a doctrine well established by all the American courts that the appellate court will revoke a decision of the trial court in regard to amendments only when it has been clearly shown that the trial court has abused such discretion or has exceeded its powers in regard to the same. The ground on which such decisions are based is that the trial court is in a better condition than the appellate court to estimate the importance of the circumstances in general surrounding the case, exercising such faculty with due regard to such circumstances and in furtherance of the ends of justice. See the cases of *Marine Insurance Co.* v. *Hodgson,* (6 Cranch) 10 U. S., 217; *Bullitt County* v. *Washer,* 130 U. S., 145; *Cooke* v. *Spears,* 2 Cal., 409; *Burnett* v. *Milnes,* 148 Ind., 230; *Donnelly* v. *Pepper,* 91 Conn., 363; *In re* Benjamin, 181 Mass., 542; *Merchants' Life Association of the United States* v. *Yoakum,* 98 Fed. Rep., 251; *Dublin* v. *T. B. & H. R. R. Co.,* 92 Tex., 535; *Asilo de Damas* v. *Martínez,* 8 P. R. R., 336; *Pérez Hermanos* v. *Oliver et al.,* 11 P. R. R., 380; *Pedro Más et al.* v. *Borinquen Sugar Company,* 18 P. R. R., 399.

In the light of the foregoing principles we have carefully reviewed the facts and circumstances of this case and have reached the conclusion that the judgment from which this appeal is taken should be reversed, on the ground that the trial court committed a fundamental error in denying to the party plaintiff the leave to amend his complaint which he solicited.

In the first place the trial court failed to exercise its discretion at the proper time. It should not have ordered the party plaintiff to withdraw the amendment, with the view of presenting the same later if necessary. The introduction of proof was about to begin and the court should have decided the question then and there whether in the affirmative or in the negative. "The court should not reserve its ruling as to the propriety of an amendment until the close of the trial." 31 Cyc., 376; note 86, and *Kenney* v. *Gas Co.*, 126 App. Div. (N. Y.), 236.

And in the second place the amendment was so necessary to the party plaintiff and the truth of the allegations therein were set before the trial judge so fully and with such precision that he, the said trial judge, was, in duty bound, obliged to exercise his discretion by granting the leave to amend.

It is well established that the party plaintiff could and should have proposed the amendment before he did so, but his negligence so to do cannot be deemed as fatal in this case. While tardy there was still time to grant leave when it was requested. It may be said that the party defendant, as was contended by his counsel, might have been taken by surprise. But the record shows that the party defendant had previously admitted the truth of the fact set forth in the proposed amendment, by the articles of partnership, by the circular letter that he sent to his business connections and by his former answer; and, in addition, it was admitted at the trial through the sworn statement of one of the partners. This being the case it is not possible to allege or to maintain any reason for surprise. But if the court had deemed that the party defendant needed more time in which to prepare his defense, it could have adjourned the hearing of the case, with costs against the plaintiffs, and the imposing of such costs might have been a proper punishment for lack of diligence on their part. The penalty that was imposed, which was that of losing their action, through a refusal to allow them to allege or prove that the defendant had taken charge

of the assets and obligations of the primary debtor, is not sanctioned by correct principles of justice; and hence it cannot be sustained by this court.

For the foregoing reasons, the judgment appealed from should be reversed and the case remanded to the lower court for such action as may be consistent with the legal principles herein set forth.

> *Reversed and remanded for action in accordance with the principles laid down herein.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.