SUCS. DE JOSÉ MARTÍNEZ, APELANTE, *v.* TOMÁS DÁVILA Y CA.,

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 928.—Resuelto en mayo 21, 1913.

ENMIENDAS A LAS ALEGACIONES—FACULTAD DISCRECIONAL DE LOS TRIBUNALES:—Los tribunales de Puerto Rico tienen la facultad discrecional inherente reconocida además por el Código de Enjuiciamiento Civil, de permitir enmiendas a las alegaciones escritas de las partes.

ID.—CIRCUNSTANCIAS QUE DEBEN TENERSE EN CUENTA.—La facultad discrecional que tienen los tribunales de permitir enmiendas a las alegaciones, debe ser ejercitada teniendo en cuenta las circunstancias de cada caso, con el fin de obtener los fines de la justicia.

ID.—ABUSO DE LA FACULTAD DISCRECIONAL.—Las resoluciones de las cortes inferiores permitiendo enmendar las alegaciones únicamente son revocadas en apelación cuando se demuestra de una manera clara que se ha cometido abuso en el ejercicio de la misma, o que el tribunal ha excedido sus facultades discrecionales.

ID.—TIEMPO OPORTUNO PARA RESOLVER UNA ENMIENDA.—Cuando una parte pide permiso para enmendar su demanda en el acto del comienzo del juicio, la corte debe resolver en un sentido u otro dicha petición y no pedir a la parte que retire su enmienda para que la presente más tarde si lo estima necesario.

ID.—ERROR FUNDAMENTAL—DENEGACIÓN DE UNA ENMIENDA.—Atendidas las circunstancias de este caso, la corte sentenciadora cometió error fundamental al no permitir al demandante enmendar su demanda en el acto del juicio para añadir la alegación de que Tomás Dávila y Ca. se había hecho cargo del activo y pasivo de la anterior sociedad Tomás Dávila.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Bosch* y *Soto.*

Abogado de los apelados: *Sr. Cay. Coll Cuchí.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Se entabló esta acción en cobro de $4,033.43, cuya cantidad se alegó que los demandados debían a los demandantes por mercancías que les vendieron y entregaron estos últimos. La demanda original en este caso fué presentada en 20 de mayo de 1911 en la Sección 1ª. de la corte de Distrito de San Juan. El caso al parecer fué luego trasladado a la sección 2ª.

Los demandados contestaron la demanda en tiempo oportuno. Se dictó sentencia contra la cual se interpuso apelación para ante el Tribunal Supremo de Puerto Rico, en donde la sentencia fué revocada, devolviéndose las actuaciones al tribunal sentenciador para que siguiera dicha corte conociendo del pleito. Enmendadas las alegaciones, el demandante finalmente, en 6 de junio de 1912 presentó su demanda enmendada, con cuyo documento comienza la transcripción que ha sido remitida a este tribunal.

No se ha presentado una relación de errores en debida forma como lo disponen las reglas números 42 y 43 de este tribunal, pero puede inferirse, sin embargo, de las alegaciones contenidas en el alegato de los apelantes, que dos son los errores que éstos alegan fueron cometidos por la corte inferior, a saber: primero, que la corte sentenciadora cometió error al no conceder a los demandantes permiso para enmendar su demanda, dejando a la vez de aplicar los artículos 136, 137 y 140 del Código de Enjuiciamiento Civil a los procedimientos de este caso; y segundo, que la corte sentenciadora interpretó erróneamente el artículo 138 del Código de Enjuiciamiento declarando que era aplicable al presente caso.

El abogado del apelado hace mención nuevamente en su alegato de estos errores, que alega el apelante en la siguiente forma: primero, que la corte erró al no admitir la enmienda propuesta al principio del juicio y antes de la práctica de la prueba; segundo, que la corte erró al no admitir la enmienda propuesta después de la práctica de la prueba. El apelante no formuló objeción alguna a esta nueva exposición.

Después de estudiado cuidadosamente el presente caso, resulta evidente que la única cuestión fundamental envuelta en el mismo es la de si debió o nó permitirse a la parte demandante que enmendara su demanda. Para resolver dicha cuestión es necesario expresar en qué consiste la enmienda, por qué se solicitaba, y por qué fué negada por la corte.

Sucesores de José Martínez, los apelantes en este pleito, según concisamente se ha indicado, presentaron una demanda

en cobro de dinero en la corte de Distrito de San Juan, contra Tomás Dávila y Ca. Los demandados contestaron la demanda y la vista del pleito se señaló para el 23 de julio de 1912. En dicho día, llamado el pleito para la vista, las partes anunciaron que se encontraban listas para el juicio, se leyeron las alegaciones y acto seguido la parte demandante solicitó permiso para enmendar su demanda, añadiendo la siguiente alegación: "8. El demandado se hizo cargo del activo y pasivo de la casa extinguida, Tomás Dávila, engendradora de las cuentas corrientes objeto de esta demanda."

Para mayor claridad debemos además consignar que en la demanda se había hecho constar que el demandado Tomás Dávila y Ca. había comprado en distintas ocasiones a la demandante, mercancías de su establecimiento situado en San Juan, y no había pagado su importe; así como también que el dicho demandado había comprado a diferentes casas de comercio de San Juan mercancías en las fechas y por los montantes expresados y tampoco había pagado su importe, y que las casas de comercio habían transferido a favor de la demandante sus respectivos créditos. Los hechos se narran en la demanda con la debida amplitud.

Expuesto lo que antecede, sigamos considerando la cuestión de la enmienda presentada. El abogado de la parte demandada se opuso a que se concediera permiso para presentarla, y la corte entonces ordenó que "se retirara la enmienda en aquel momento a reserva de presentarla más tarde si fuera necesario." Se dió comienzo a la práctica de la prueba y declaró el testigo Generoso Candina, reconociendo un extracto de la cuenta corriente existente entre Tomás Dávila y Candina, Castaños & Co., cuya cuenta arrojaba un saldo no satisfecho a favor de los últimos por $418.84. Se ofreció entonces como prueba el extracto y la parte demandada se opuso entre otros motivos, porque la cuenta aparecía ser con Tomás Dávila y no con Tomás Dávila y Ca. La corte no admitió esta prueba, la parte demandante tomó excepción y acto seguido reprodujo su petición de enmienda que le fué negada de nuevo.

Contra esa negativa tomó también excepción la parte demandante.

El testigo Juan Miró, socio de la sociedad demandada, declaró entonces que: "Tomás Dávila y Ca. se estableció sola y se hizo cargo del activo y pasivo de Tomás Dávila." El abogado de la parte demandada pidió la eliminación de la contestación del testigo y la corte lo acordó así. La parte demandante tomó excepción y volvió a solicitar permiso para enmendar su demanda en la forma ya indicada. La corte negó el permiso y la parte demandante tomó excepción.

Entonces el demandante ofreció como prueba la escritura otorgada en Manatí el 13 de mayo de 1911, ante notario público, sobre constitución de la sociedad Tomás Dávila y Ca. Dicha escritura consta transcrita íntegramente en la exposición del caso y su cláusula 15ª. dice lo siguiente: "Esta razón social se hace cargo del activo y pasivo de la anterior razón 'Tomás Dávila.'" Se opuso la parte demandante y la corte resolvió denegar la admisión del documento porque se trataba de probar que la sociedad Tomás Dávila y Ca. era sucesora de Tomás Dávila y esto no había sido objeto de ninguna alegación en la demanda. El demandante tomó excepción.

A Juan Miró, quien según hemos dicho es socio de la compañía demandada, se le puso de manifiesto una circular suscrita por el testigo y el otro socio de la razón Tomás Dávila y Ca. El testigo reconoció el documento y admitió la autenticidad de sus firmas, la parte demandante ofreció entonces como prueba la circular, en la que se hacía constar que Tomás Dávila y Ca., se había hecho cargo del activo y pasivo de la casa Tomás Dávila que cesó desde entonces en las operaciones. La parte demandada se opuso y la corte negó la admisión del documento en cuestión. El demandante tomó excepción.

Entonces el demandante presentó como prueba la contestación del demandado Tomás Dávila y Ca. de fecha 13 de mayo de 1911, obrante en los autos de este pleito. Dicha contestación se copia íntegra en la exposición del caso. El hecho

4° de la misma dice así: "La demandada hízose cargo del activo y pasivo del comerciante Tomás Dávila hoy gestor de la mercantil colectiva Tomás Dávila y Ca." El demandado se opuso y la corte negó la admisión del documento en cuestión contra cuya resolución el demandante tomó excepción.

Declararon luego los siguientes testigos: Eudosio Cuétara, Servando Picó, José Herrero, José María del Valle, Bonifacio Cerame, Francisco Ortega y Roque González. Todos ellos que son comerciantes de la ciudad de San Juan, reconocieron las cuentas corrientes de sus casas respectivas con Tomás Dávila, cuyos importes eran debidos aún, y los traspasos hechos de los saldos de dichas cuentas a favor de los demandantes Sucesores de José Martínez. Al ofrecerse como prueba los extractos de las cuentas corrientes así reconocidas, los demandados se opusieron por referirse a Tomás Dávila y no a Tomás Dávila y Ca., y la corte negó la admisión de los documentos, tomando excepción la parte demandante.

Después de las declaraciones de todos los testigos mencionados, la parte demandante pidió de nuevo permiso para enmendar la demanda en el sentido que ya hemos indicado y con el fin de conformarla a la prueba. La parte demandada se opuso y la corte no admitió la enmienda, a cuya resolución el demandante tomó excepción.

La parte demandante dió entonces por terminada su prueba y acto seguido la demandada presentó una moción de *non suit* que fué declarada con lugar, desestimando la demanda por los fundamentos de que toda la prueba presentada se había dirigido a demostrar que Tomás Dávila solamente era deudor de la demandante; que Tomás Dávila no figuraba para nada en el procedimiento y que la acción se había iniciado contra Tomás Dávila y Ca., persona enteramente distinta de Tomás Dávila. Las costas se impusieron a la demandante. La sentencia fué debidamente registrada el día 24 de julio de 1912, contra la cual se interpuso el presente recurso de apelación.

De lo anterior se verá que solamente una proposición legal

ha sido presentada a nuestra consideración. Se refiere ésta
a la facultad y deber de las cortes sentenciadoras en cuanto a
las enmiendas que se hacen o tratan de hacerse por las partes
en sus alegaciones antes o durante la celebración del juicio.
Según consta de los autos en este pleito, la demanda original
había sido presentada haciéndose luego dos enmiendas suce-
sivas a la misma con permiso de la corte, y que la que trata-
ron de hacer los demandantes que fué denegada por la corte
era una tercera enmienda, en la que se alegaba una cuestión
muy esencial para fundar en ella la presentación de la prueba
necesaria en apoyo de la sentencia. Los artículos del estatuto
que se alegan fueron debidamente interpretados por la corte
sentenciadora y que no se aplicaron en debida forma a los
hechos de este caso, son los números 136, 137, 138 y 140 del
Código de Enjuiciamiento Civil, contenidos en el capítulo 8
del Título VII de dicho código, que trata de los varios errores
y enmiendas, y comprende siete artículos, siendo el primero el
136 y el último el 142. Véanse las páginas 221, 222 y 223 del
Código de Enjuiciamiento Civil. Podemos ahora expresar lo
mismo que luego, que no hay duda alguna según la ley de que
las cortes sentenciadoras tienen el derecho inherente de per-
mitir que se enmiende una alegación contenida en los alegatos
y que tal facultad les ha sido conferida por nuestro Código
de Enjuiciamiento y es puramente discrecional; desde luego
que la discreción que ha de ejercitarse en tales casos es una
discreción legal y no arbitraria, estando además sujeta a ser
revisada en cualquier momento por la corte de apelación si
se demuestra que ha habido abuso de la misma. *Marine
Ins. Co.* v. *Hodgson,* 10 U. S. (6 Cranch), 217 y siguientes;
*Bullitt County* v. *Washer,* 130 U. S., 145; *L. N. A. & C. R. R.
Co.* v. *Hubbard,* 116 Ind., 193; *Pierson* v. *McCahill,* 22 Cal.,
127; *Glasscock* v. *Hamilton,* 62 Tex., 143; *Cooke* v. *Spears,*
2 Cal., 409; *Shepard* v. *McNiel,* 38 Cal., 73; *Wells, Fargo
& Co.* v. *McCarthy,* 5 Cal., 301 (90 Pac., 203); *Burnett* v.
*Milnes et al.,* 148 Ind., 230; *Donnolly* v. *Pepper,* 91 Conn., 363
(15 S. W. Rep., 879); *Baskerville* v. *Gaar, Scott & Co.,* 15 S.

Dak., 211 (88 N. W. Rep., 103) ; *Benjamin* v. *Casey,* 181 Mass., 542 ; *Merchants' Life Association of the United States* v. *Yoakum,* 98 Fed. Rep., 251 ; *Dublin* v. *T. B. & H. R. R. Co.,* 92 Tex., 535. La Corte Suprema de Puerto Rico ha tenido en consideración las resoluciones dictadas en las cortes de última instancia de los Estados de la Unión americana acerca de esta cuestión. Véase también el caso de *Asilo de Damas* v. *Martínez,* 8 D. P. R., 353 ; y el de *Pérez Hermanos* v. *Oliver et al.,* 11 D. P. R., 397. Además esta discreción deberá ejercitarse por la corte sentenciadora a su debido tiempo y juiciosamente, haciéndolo en bien de la justicia y de los derechos de todas las partes interesadas. En verdad que muy raras veces ha revocado una corte de apelación la acción tomada por la corte sentenciadora al conceder permiso a cualquiera de las partes para enmendar sus alegaciones, aunque pueden encontrarse, sin embargo, numerosos casos en que errores cometidos en sentido contrario han sido corregidos.

Existe alguna confusión con respecto a la teoría en que basaba su solicitud de enmienda la parte demandante. Es claro que al principio hizo su petición seguramente para estar en condiciones de presentar prueba sobre los hechos expresados en la enmienda. Luego formuló su petición para conformar sus alegaciones con su prueba. Es evidente que éste no es un caso de enmienda para conformar las alegaciones con la prueba. Esta no fué admitida y por tanto no existía prueba practicada alguna que demostrara la certeza de los hechos consignados en la demanda original o en alguna enmienda propuesta. La prueba ofrecida y no admitida sólo puede examinarse para resolver sobre la justicia de la enmienda. Antes de que se haga una enmienda para ajustarla a la prueba deberá haber prueba admitida a la cual la enmienda ofrecida se ajustará. Tal cosa no ocurre en este caso. Si la enmienda ya hubiera sido hecha, toda la prueba ofrecida hubiera sido admisible y sin duda alguna se hubiera admitido sin ninguna dificultad.

También existe alguna confusión con respecto a los fun-

damentos que tuviera presente el juez sentenciador para ne-
gar permiso al demandante para enmendar su demanda, pues
a veces parece deducirse que la corte creyó que en el estado
en que se encontraba el pleito no tenía facultades para decre-
tar la enmienda, y otras veces que la corte, con conocimiento
de sus facultades, resolvió, apreciando las circunstancias del
caso, que debía negar como negó la enmienda solicitada.
Pero de todos modos, analizando en su totalidad los hechos
acaecidos y las circunstancias concurrentes, se llega a la con-
clusión de que la parte demandante en el acto de la celebra-
ción del juicio y antes de comenzar la práctica de la prueba,
solicitó que se le permitiera enmendar su demanda, adicio-
nando la alegación de que la sociedad demandada se había
hecho cargo del activo y pasivo de la casa extinguida Tomás
Dávila, engendradora de las cuentas corrientes objeto de
la demanda; y que la parte demandada se opuso; que la
corte negó la enmienda, no en absoluto, sino ordenando a
la parte que la había presentado que la retirara en aquel mo-
mento, a reserva de presentarla más tarde si fuere necesario.
Que más tarde la parte demandante en efecto, considerándolo
necesario, insistió en que se le permitiera enmendar su de-
manda en varias ocasiones, a medida que iba presentando a
la consideración de la corte prueba consistente en declara-
ciones de testigos, uno de ellos socio de la misma sociedad
demandada, en una escritura notarial, en una circular de la
parte demandada reconocida como auténtica por uno de sus
socios, y en una contestación anterior obrante en el pleito,
prueba toda tendente a demostrar la existencia real y posi-
tiva del hecho consignado en la enmienda propuesta. Y final-
mente solicitó el demandante que se le permitiera enmendar
su demanda para conformarla a la prueba.

Las cortes de Puerto Rico así como las de los diferentes
Estados de la Unión, de acuerdo con la ley, tienen amplias
facultades para autorizar las debidas enmiendas a las alega-
ciones. La concesión de dichas enmiendas descansa en la
sana discreción del tribunal sentenciador, que deberá ejer-

citarla de acuerdo con las circunstancias concurrentes en
cada caso, y siempre con la mira de que se cumplan en cuanto
sea posible los fines de la justicia. Y es doctrina bien esta-
blecida por todas las cortes americanas, que el tribunal de
apelación sólo revocará una resolución de una corte senten-
ciadora en materia de enmiendas, cuando se demuestra sin
lugar a dudas que dicha corte sentenciadora se negó a ejerci-
tar su facultad discrecional o se extralimitó en el ejercicio de
la misma. El fundamento en que descansa dicha jurispru-
dencia es el de que la corte sentenciadora está en mejores
condiciones que el tribunal de apelación para apreciar la
importancia de las circunstancias en general que concurren en
el caso, y ejercitar su facultad de acuerdo con dichas circuns-
tancias en bien de la justicia. Véanse los casos de *Marine
Insurance Co.* v. *Hodgson,* 10 U. S. (6 Cranch), 217; *Bullitt
County* v. *Washer,* 130 U. S., 145; *Cooke* v. *Spears,* 2 Cal.,
409; *Burnett* v. *Milnes et al.,* 148 Ind., 230; *Donnelly* v. *Pep-
per,* 91 Conn., 363; *Benjamin* v. *Casey,* 181 Mass., 542; *Mer-
chants' Life Association of the United States* v. *Yoakum,* 98
Fed. Rep., 251; *Dublin* v. *T. B. & H. R. R. Co.,* 92 Tex., 535;
*Asilo de Damas* v. *Martínez* 8 D. P. R., 353; *Pérez Hermanos*
v. *Oliver et al.,* 11 D. P. R., 397; *Más et al.* v. *Borinquen
Sugar Co.,* 18 D. P. R., 304.

A la luz de los anteriores principios hemos estudiado
cuidadosamente los hechos y las circunstancias de este caso
y llegado a la conclusión de que debe revocarse la sentencia
apelada, por haberse cometido por la corte sentenciadora un
error fundamental al negar a la parte demandante el permiso
que solicitara para enmendar su demanda.

En primer lugar, la corte sentenciadora no ejercitó su
discreción oportunamente. No debió haber ordenado a la
parte demandante que retirara la enmienda para que la
presentara más tarde si fuera necesario. La práctica de la
prueba estaba para comenzarse y la corte debió haber re-
suelto la cuestión en la afirmativa o en la negativa. "Las
cortes no deben reservar sus decisiones con respecto a la

propiedad de las enmiendas hasta el final del juicio." 31 Cyc., 376; nota 86 y casos de *Kenney* v. *Gas.* *Co.,* 126 App. Div. (N. Y.), 236.

Y en segundo lugar la enmienda era muy esencial para la parte demandante y la verdad de lo alegado en la misma se puso de manifiesto con tanta amplitud y certeza al juez sentenciador, que éste quedó obligado a ejercitar su discreción en el sentido de autorizar la enmienda.

Es bien cierto que la parte demandante pudo y debió haber propuesto con anterioridad la enmienda, pero su negligencia no puede estimarse como fatal en este caso. Aunque tarde, aun había tiempo para concederla cuando solicitó el permiso. Se dirá que la parte demandada como se alegó por su abogado, pudo sufrir alguna sorpresa. Pero los autos demuestran que la dicha parte demandada había admitido anteriormente la existencia del hecho alegado en la enmienda propuesta, por la escritura de su constitución, por la circular que transmitió a sus relacionados en negocios, y por su anterior contestación; y además lo admitió en el juicio por medio de la declaración jurada de uno de sus socios. Siendo esto así no cabe suponer sorpresa. Pero si la corte hubiera estimado que la parte demandada necesitaba algún tiempo más para preparar su defensa, pudo haber suspendido el juicio con imposición de las costas del mismo a la parte demandante, y esta imposición de costas hubiera sido la justa pena que pudo haberse impuesto a la demandante por su falta de diligencia. La pena que se le impuso o sea la de obligarla a perder su acción al no permitírsele alegar ni probar que la demandada se había hecho cargo del activo y pasivo del primitivo deudor, no está autorizada por los debidos principios de ley, y no puede por consiguiente ser sostenida por este tribunal.

Por las razones expresadas la sentencia apelada debe revocarse y devolverse el caso a la corte inferior para que con-

tinúe tramitándolo de acuerdo con los principios legales enunciados en esta opinión.

> *Revocada con instrucciones de que continúe el proce-*
> *dimiento de acuerdo con los principios enunciados*
> *en la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.