W. W. DAVIS v. J. H. KENNEDY AND WIFE.

(Case No. 937.)

1. FRAUD — SEPARATE ACKNOWLEDGMENT OF WIFE.— In a suit by the husband and wife to recover property occupied by them as a homestead at the time of its conveyance, in which they sought to set aside their deed on the ground that the certificate of the notary to the wife's separate acknowledgment, which was formal in its terms, was in fact untrue as to such separate acknowledgment, and also as

to her privy examination, and the making of the explanation of the contents of the deed, as required by law, it was also charged that a fraudulent combination to swindle and deceive the wife, existed between the notary public and the purchaser. *Held,*

(1) A charge of the court to the .effect that the certificate of the officer to the wife's separate acknowledgment, made in compliance with the statute, is not conclusive of the facts certified to, but may be attacked by the wife, even though the purchaser had completed the purchase innocent of fraud, and ignorant of any wrong or neglect on the part of the officer, was error.

2. CASES APPROVED.— Hartley *v.* Frosh, 6 Tex., 208; Shelby *v.* Burtis, 18 Tex., 644; Wiley *v.* Prince, 21 Tex., 637; Williams *v.* Pouns, 48 Tex., 146, and Kocourek *v.* Marak, 54 Tex., 205, approved.

3. SEPARATE ACKNOWLEDGMENT OF WIFE. — The wife cannot impeach for fraud the certificate of her acknowledgment to a deed when the same is in conformity to the requisitions of the statutes, and when there is an adequate consideration paid to support the deed, if the purchaser neither participated in the fraud or had knowledge of its existence.

APPEAL from Houston. Tried below before the Hon. R. S. Walker.

The opinion states the case. A detail of the evidence, which is voluminous, would not aid to understand the opinion, in view of facts stated in it.

*Nunn & Williams,* for appellant.

*W. A. Stewart,* for appellees.

WILLIE, CHIEF JUSTICE.— Kennedy and wife sued appellant to recover a tract of land claimed as their homestead, and to which it was alleged Davis had, through fraud, obtained a conveyance from them. It was charged that the parties made an exchange of property, Davis conveying to Kennedy and wife a house and lot in the town of Augusta, Houston county, and they making to him a bond for title to two hundred and fifty acres of land which was their rural homestead. The petition alleges that, by means of a fraudulent collusion between Davis and the officer taking the wife's separate acknowledgment, and by other improper influences brought to bear upon her, she was induced to sign the bond for title, and that the officer stated in his certificate, attached to the bond, that she was examined by him privily and apart from her husband, and that she willingly signed the same and did not wish to retract it, and that it had been fully explained to her, which certificate was wholly false.

It was also charged that Davis had no title to an undivided half of the property conveyed by him in exchange for their homestead,

and this property was tendered back to him. The petition was very full in charges of such fraud against Davis and the officer, and of denials that Mrs. Kennedy had been examined privily and apart from her husband, or had the contents of the instrument explained to her, or had made any of the acknowledgments averred to have been stated in the certificate by the notary. The answer of Davis, among other things, denies all charges of fraud, and affirms that the certificate spoke the truth in reference to the examination and acknowledgment of the wife.

The facts proven on the trial are conflicting, so far as regards the circumstances under which the signature and acknowledgment of the wife were taken. Appellees' witnesses stated positively that Mrs. Kennedy was not examined privily and apart from her husband, but that he was present and a witness to all that occurred between her and the notary at the time the acknowledgment purported to have been taken. They also stated that the notary did not explain the bond to her, and that she made none of the acknowledgments set forth in his certificate. On the other hand, the appellant's witnesses swore just as positively that everything was done by her and the officer required by law to make the privy examination of a wife perfect and legal in every respect. In one matter, however, the witnesses on all sides agree, which is, that if anything occurred on the occasion of this privy examination, or was left undone by either the officer or the wife, which would vitiate it, or if any fraud was perpetrated upon Mrs. K., or any improper influences were brought to bear upon her to make her execute the bond, Davis knew nothing of them, and was wholly innocent of any participation in them.

There was also conflicting testimony as to the condition of Davis' title to the Augusta property at the time of the exchange, the proof, however, being largely predominant to the effect that he had a perfect title to the whole of it, and overwhelming as to this being the case at and before the trial of the cause. This matter, however, is of little importance to the present disposition of this appeal.

With this condition of conflicting evidence before the jury in reference to the wife's acknowledgment, they were charged by the court that " her signature to the instrument, and the certificate of the notary public of her acknowledgment of it, and that she was privately examined apart from her husband; that she had fully and voluntarily executed it, and wished not to retract it, are conclusive evidence of her consent and of all the facts recited in the certificate, until the contrary is made to appear by evidence rebutting such inferences. In order to constitute a valid bond for title from Mrs.

Kennedy to her homestead, it was requisite not only that she should have willingly signed the same, but also that she should have acknowledged the same before said notary public with a knowledge of its contents, after having the same fully explained to her, and that such acknowledgment should have been made separate and apart from her husband, and that she should have in effect or in terms clearly signified to said officer that it was her act and deed, willingly signed, and that she did not wish to retract it, or otherwise manifesting her satisfaction and approval of the signature made by her of said instrument; and if, from the evidence, you are satisfied she did not in fact make such acknowledgment and was not examined privately and apart from her husband by said officer, in that state of the case the instrument of writing was not binding upon her, and you would find your verdict for the plaintiffs."

This charge, it will be seen, announces the doctrine that the certificate of the officer taking the privy acknowledgment of a married woman is not conclusive of the fact certified to, but may be attacked and set aside by evidence showing that such fact did not actually transpire before the officer, although this was not known to the party to whom the instrument was executed. In other words, that although the certificate is to the effect that the married woman making the conveyance acknowledged it in manner and under circumstances as required by law, she may establish by extraneous proof that such certificate does not speak the truth. And further, that she may do this, and defeat the right of a party who, innocent of all knowledge of such facts, and with a deed presented to him bearing her signature and the proper certificate, has paid his money or parted with his property on the faith of its conformity to the truth. This doctrine cannot be sustained on principle, and is opposed to frequent decisions made by this court.

In Hartley v. Frosh, 6 Tex., 208, it was first held that the certificate must be conclusive of the facts therein stated, unless fraud or imposition is alleged; that it is not sufficient to allege that there was no privy examination; that the grantor did not acknowledge the same to be her act and deed. That there must be some acts showing fraud; as for instance, a fraudulent combination between the notary and the parties interested.

Again, in Shelby v. Burtis, 18 Tex., 644, the court refused to invalidate a privy acknowledgment properly certified, because it was not distinctly alleged that the party interested in having the instrument executed knew of the improper influences which brought about the wife's execution of the instrument.

The case of Wiley *v.* Prince, 21 Tex., 637, furnishes an instance of the kind of knowledge and participation on the part of the grantee in the compulsion exercised over the wife, which would set aside an acknowledgment certified to in the usual form. But the case confirms the rule laid down in the two preceding cases.

Again, in Williams *v.* Pouns, 48 Tex., 146, it was held that the wife could not impeach the certificate of her acknowledgment to a deed of trust, when the beneficiaries gave an adequate consideration to support the deed, and neither of them participated in or had any knowledge of the fraud. The same was held in Pool *v.* Chase, 46 Tex., 210, and Kocourek *v.* Marak, 54 Tex., 205, and is no longer an open question in our courts. The rule has its foundation in reason and justice, and we feel no disposition to vary it in the slightest degree.

The doctrine of the charge would place those dealing with married women entirely at their mercy, should they choose to repudiate any conveyance made by them under the most solemn forms of the law.

The present case furnishes a fair instance of its evil effects. Here a party apparently dealing with fairness and honesty, and certainly guiltless of all attempt to defraud the wife of her homestead rights, is made to yield up property conveyed to him in proper form of law, for which he has paid a fair consideration, and upon which he has made his home, because of circumstances of which he was ignorant, and which are concealed from him by the very parties who should have told him of them before he changed his condition, believing them not to exist.

We think the charge was erroneous in that it did not inform the jury that the facts relied on to vitiate the officer's certificate, should at least have been known to Davis at the time he completed the contract for the exchange of property with appellees; and for this error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 6, 1883.]