### G. J. Starnes et al. v. F. J. Beitel.

Decided February 22, 1899.

1. **Limitations of Action to Correct Acknowledgment.**

The right to correct a certificate of acknowledgment by legal proceedings is barred by the lapse of four years from the accrual of such right.

2. **Acknowledgment—Correction of Certificate.**

A defective certificate of acknowledgment of an instrument purporting to create a lien on a homestead is not corrected by a subsequent deed of trust executed by the parties for the purpose of extending the debt and the lien, where it does not purport to correct the acknowledgment, and says nothing about the defect in the certificate thereof, although it recites that the contract was duly executed and acknowledged as provided by law.

Appeal from Bexar. Tried below before Hon. J. L. Camp.

*James Routledge,* for appellants.

*Ed Haltam, Clark & Ball,* and *R. L. Summerlin,* for appellee.

JAMES, Chief Justice.—G. J. Starnes and his wife brought this suit against F. J. Beitel to cancel any claim the latter had in and to a certain house and lot, and to remove such claim as a cloud on plaintiffs' title. The plaintiffs' claim is alleged to consist,

1. Of a recorded contract for improvements placed on said lot by F. J. Beitel, dated November 6, 1890, the certificate of acknowledgment failing to show that plaintiffs were known, or duly made known to the notary, and therefore invalid.

2. A deed of trust signed by plaintiffs with regular certificate of acknowledgment on April 17, 1895, reciting their inability to pay off the said mechanics and builder's lien, also reciting the said contract and lien was duly executed and acknowledged as provided for by law and recorded;

also that plaintiffs had requested an extension of time in order to pay off the balance of said debt amounting then to a certain sum, and stating that it is given in consideration of an extension of the debt and lien for three years.

Mrs. Starnes and F. J. Beitel died pending the suit, and the former's children and the latter's executor appear in the final pleadings.

Defendant's executor answered by a general denial, and specially by setting up that the acknowledgment of Mrs. Starnes to the original contract was in fact properly taken in all respects by the notary, and that the latter knew Starnes and wife personally, although the certificate failed to recite this fact; that all the work, labor, and material in the building was furnished by Beitel after the making and acknowledging of said contract, and not before; that on and before April 1, 1895, Beitel had been demanding payment, and Starnes and wife, claiming they were unable to pay, asked an extension, which was granted them, and in consideration of the extension they, on April 1, 1895, executed to Beitel a note for what was due, and to secure it gave the deed of trust already mentioned. That when said note and deed of trust were given, and up to that time, both Starnes and his wife recognized the validity of said pre-existing lien, and had never repudiated it, and at that time Beitel could have enforced his lien on the property, and would have done so had they in any way denied the validity of said lien and debt; that they, knowing the contents of said recorded contract and recognizing it as a valid lien on the property, gave said deed of trust in lieu thereof to secure the debt; that the recitals of the deed of trust were all true, and Starnes and wife, with full knowledge of all the facts and without any fraud or concealment on the part of Beitel, made said recitals; by which recitals and conduct defendants are estopped from seeking to avoid the lien on account of the mistake and neglect of the notary in failing to attach the proper certificate of acknowledgment, and that by signing and delivering said deed of trust, duly acknowledged, they in effect did make a new, full, and complete acknowledgment of said contract lien as effectually as the same could have been done by judgment of court. The answer prays for a foreclosure, that the certificate in question be reformed and corrected so that it may state the facts, and for judgment personally against Starnes, and for general relief.

By supplemental petition plaintiffs, by special demurrer and by a plea, claimed that the statute of limitations of four years had barred defendant's remedy to have the certificate reformed; also by special demurrers to that portion of the answer which set up estoppel. The demurrers were overruled, and upon the trial it was admitted that the property was homestead when the contract was made, and testimony was introduced showing that in the taking of the acknowledgment to the contract the requisites of the statute had in fact been complied with in all things, and that the notary knew personally both Starnes and his wife, and judgment was accordingly rendered against Starnes for the debt and a decree given foreclosing a lien.

The facts developed by the testimony are, that at the date of the original contract of 1890 the property was homestead; that the work was done with reference to such contract, and afterwards in 1895 the deed of trust was executed, and that it was prepared by the attorney of Mr. Beitel, and in its execution nothing was said to Starnes and wife about the certificate of acknowledgment to the original contract being defective. There was no dispute about the debt, and the testimony clearly shows that the acknowledgments were properly taken to the original contract, though improperly certified.

*Conclusions of Law.*—It is deemed not necessary to discuss the assignments which relate to the overruling of plaintiffs' demurrers to defendant's answer. The issue upon which the judgment depends is, at last, whether or not the statute of limitations of four years had under the facts barred defendant's right to have the certificate of acknowledgment to the original contract reformed.

The suit was instituted by Starnes and wife to have declared null and void the original contract and the deed of trust, so far as they purported to create a lien on plaintiffs' homestead. The right of Beitel to have the acknowledgment corrected in a legal proceeding was barred by the statute of limitations of four years. Rev. Stats., art. 3358.

Plaintiffs had a right at any time to institute a suit for the purpose of having a purported recorded lien on their property declared null and void, as a cloud on the title. If the proceeding had been brought before four years had elapsed after the date of the acknowledgment, defendant could have shown, upon proper pleading, that the acknowledgment had been taken in conformity with law, notwithstanding the insufficiency of the notary's certificate. So it would have been after four years if the opposite party did not invoke the statute. But in our opinion the certificate of the notary, until corrected, or except in a proceeding involving its correction, is to be taken as he made it, and can not be added to or taken from. As the acknowledgment appears on the original contract, plaintiffs were entitled to the relief they asked, unless the recitals in the deed of trust constitute a correction by the parties of the certificate of acknowledgment.

It may be, and we are inclined to believe, that parties can correct a defective certificate of acknowledgment without a proceeding for that purpose. Assuming this to be so, it is clear to our minds that the instrument to be such correction must be one having such correction as its purpose, and one that purports to correct. The purpose of the deed of trust in this case was to renew and extend the debt and the lien, the lien being considered as resting upon the property. The defectiveness of the certificate was not discussed. It can not be said that the certificate was corrected by an instrument which had not the correction for its purpose, nor can we hold that an instrument corrects a defective acknowledgment which says nothing about a defective acknowledgment. The utmost force the recitals in the deed of trust could have (if any) would be as evidence

that the acknowledgment had been properly taken in a proceeding to reform it.

It was necessary at any time for defendant to *allege* a case entitling him to a correction of the acknowledgment in order to show himself entitled to a lien on this homestead, for as the original contract and the deed of trust stood, he appeared to have none. He realized the situation, and desiring a judgment for the debt and a foreclosure, filed a cross-bill praying for such relief, and, as essential to the lien, asked for a correction of the certificate. His right to this relief was then barred by the statute.

We conclude therefore that the judgment should be affirmed against the defendant Starnes for the debt, but reversed and rendered here in favor of defendants as to the lien, and declaring that the lien does not exist.

*Affirmed in part.*
*Reversed and rendered in part.*

Writ of error refused.