## WARD v. WEAVER.

### No. 1384—5558.

Commission of Appeals of Texas, Section A.

Feb. 4, 1931.

1094

R. H. Ward and Gordon O. McGehee, both of Houston, for plaintiff in error.

Harry Holmes and R. Wayne Lawler, both of Houston, for defendant in error.

HARVEY, P. J.

This suit was originally brought by Mrs. Mary Weaver, a widow, against Mrs. Francelene Ida Ward, the plaintiff in error, to recover the title to some lots in Houston, including a certain lot on Jackson street in said city. Mrs. Ward in her answer pleaded not guilty, and set up a cross-action in trespass to try title against Mrs. Weaver for the title and possession of the lots. Mrs. Weaver, in answer to this cross-action, disclaimed title except as to the Jackson street lot. As to this lot she pleaded not guilty, and further set up the homestead character of said lot, extending back beyond December 29, 1917. She further pleaded, under oath, as follows:

"Further answering said cross-action, cross-defendant says that the purported deed of conveyance recorded in Vol. 700, page 489 of the deed records of Harris County, Texas, purporting to be executed by Mary Weaver and husband, William Weaver, as grantors, to Francelene Ida Ward as grantee, purport-

ing to bear date December 29, 1917, was not signed or executed by this cross-defendant, or any person authorized by her to execute it for her; that said purported deed was made without cross-defendant's knowledge or consent, and that she has never, at any time, ratified or confirmed same."

Other pleadings of the respective parties are immaterial to a decision. Mrs. Weaver, before trial, entered a nonsuit as to her suit originally brought against Mrs. Ward. At the trial, a deed purporting to have been executed by Mrs. Weaver and husband, William Weaver, of date December 29, 1917, purporting to convey the Jackson street lot to Mrs. Ward, was relied on by the latter as showing title in her. This deed was filed for record May 23, 1927, and appears of record in volume 700, page 489, of the deed records of Harris county. The certificate of acknowledgment bears date even with the deed. The certificate is in regular statutory form, and purports the acknowledgment of the deed by Mrs. Weaver and her husband. The validity of the deed, as against Mrs. Weaver, was a matter of prime importance in the trial of the case. The evidence showed that the property was occupied by the Weavers as a home on December 29, 1917; and was so occupied until Mr. Weaver died, and continued thereafter to be occupied by Mrs. Weaver as her home. The notary, J. W. Oliver, who made the certificate of acknowledgment, was a witness in the case. He testified that. at the instance of Mrs. Ward, he went to the home of the Weavers and took the acknowledgment of Mrs. Weaver to the deed in the regular way. Mrs. Weaver, while on the stand as a witness, identified her signature to the deed, but she further testified that the notary had never been in her home, and that she had never, at any time, acknowledged the deed before him.

Without objection from anybody, the trial court submitted to the jury the following special issue:

"Special Issue No. 1. Do you find that the cross-defendant, Mrs. Mary Weaver, appeared before J. W. Oliver, a notary public, for the purpose of having him take her privy acknowledgment to the deed from herself and her husband to Francelene Ida Ward, which deed has been introduced in evidence before you?" The jury answered this question as follows: "She did not." This answer rendered an answer to the other special issues unnecessary. Judgment was rendered in favor of Mrs. Weaver for the Jackson street lot. Mrs. Ward appealed, and the Court of Civil Appeals affirmed this judgment. 19 S.W.(2d) 140.

The controlling question in this appeal is whether or not the trial court erred in submitting special issue No. 1 to the jury. The plaintiff in error contends that the issue, as

submitted, was not raised by either pleading or evidence. The contention is overruled. The property which is purported to have been conveyed to Mrs. Ward by the deed of December 29, 1917, was the homestead of the Weavers. The acknowledgment of the deed by Mrs. Weaver, she being a married woman at the time, was an essential part of the execution of the instrument by her, and the allegation contained in her pleading, to the effect that the deed "was not signed or executed" by her, comprehends an assault on the certificate of acknowledgment. Murphy v. Reynaud, 2 Tex. Civ. App. 470, 21 S. W. 991; R. S. art. 1300.

At the trial, the notary testified that Mrs. Weaver acknowledged the deed before him; Mrs. Weaver denied this. The plaintiff in error contends that this did not justify the submission to the jury of the question as to whether Mrs. Weaver appeared before the notary for the purpose of acknowledging the deed. We do not think that this is a matter of which the plaintiff in error is in position to complain; she not having interposed timely objection to the form of the special issue as submitted. But be this as it may, the question of whether or not Mrs. Weaver appeared before the notary for the purpose of acknowledging the deed was, to say the least, involved in the conflict between her testimony and that of the notary; and this question went to the validity of the certificate of acknowledgment. It is settled that, where a married woman appears before a notary for the purpose of acknowledging an instrument, the fact recitals of the notary's certificate of acknowledgment are conclusive, unless fraud or imposition is shown. Hartley v. Frosh, 6 Tex. 208, 55 Am. Dec. 772; Davis v. Kennedy, 58 Tex. 516. But it is also settled that, if the married woman does not appear before the notary for the purpose of acknowledging the instrument, the notarial certificate does not preclude her from showing this nullifying fact. Robertson v. Vernon (Tex. Com. App.) 12 S.W.(2d) 991; Breitling v. Chester, 88 Tex. 589, 32 S. W. 527; Wheelock v. Cavitt, 91 Tex. 679, 45 S. W. 796, 66 Am. St. Rep. 920.

In view of the state of the evidence in this case, the trial court properly submitted special issue No. 1 to the jury. The effect of the jury's verdict on this issue was to strike down the certificate of acknowledgment; and the deed, upon which Mrs. Ward's claim of title was founded, fell with the certificate.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals affirming same be affirmed.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.