### WOOLRIDGE et al. v. DIBRELL et al.
### No. 8560.

Court of Civil Appeals of Texas. San Antonio. Feb. 25, 1931.

Rehearing Denied April 1, 1931.

Augustus McCloskey, of San Antonio, for appellants.

J. B. Dibrell and P. E. Campbell, both of Seguin, for appellees.

## COBBS, J.

Appellants sued appellees in Bexar county to cancel and declare for naught certain written contracts, leases for oil in Guadalupe county, where the land is situated. It is alleged that the fraud was committed in Bexar county by the appellees in procuring the lease contracts. It was represented that the parties were undertaking to secure a simple power of attorney to represent the appellants, but not to lease the land. Among other things, it is alleged that on or about May 26, 1930, appellants received information that appellees were claiming that the instrument which appellants executed as a power of attorney was not in fact a power of attorney, but was a mineral lease purporting to give James Dibrell an oil lease on one hundred acres of land in consideration of $10, and that he was trying to dispose of said mineral lease. That the pretended lease was made upon fraudulent representations as to the nature of said instrument and the purposes thereof, and without any consideration in fact or law, and that the $10 consideration mentioned has never been tendered or paid, and appellants had no idea at the time of its execution that the instrument was anything more than a power of attorney, as represented. The plaintiffs prayed: "That upon a trial hereof, that they have judgment setting aside and cancelling the purported oil lease which the defendants are offering for sale covering one hundred acres of the aforementioned land; that the temporary writ of injunction issued herein be made permanent and final and Plaintiffs further pray that upon a hearing hereof, any purported assignment or conveyance of any of the mineral rights, royalties or other equities of any of the Plaintiffs herein beyond 1 16/100 interest be set aside, cancelled and held for naught, and Plaintiffs further pray that such oil and mineral lease and purported assignment of mineral rights, royalties or other equities of the Plaintiffs be set aside, cancelled and held for naught; that Plaintiffs recover herein for all costs of court and for such other relief, general and special, as they may be entitled in law and in equity, and in duty bound will ever pray."

The venue to this suit was, on account of the fraud committed by appellees, in Bexar county. Article 1995, subd. 7, Vernon's Ann. Civ. St. It makes no difference where the land is situated in cases where the alleged fraud was committed in a different county. Venue lies where the fraud is committed. Gordon v. Rhodes & Daniel (Tex. Civ. App.) 117 S. W. 1023, 1026; Kleine Brothers v. Gidcomb (Tex. Civ. App.) 152 S. W. 462; Calloway v. Booe & Collier (Tex. Civ. App.) 195 S. W. 1174.

In this case the fraud and fraudulent representations were alleged to have been committed in Bexar county. And the instrument, represented to be a power of attorney, and alleged to be oil leases, was signed and delivered in Bexar county.

This is not a suit for the recovery of land or damages thereto, or to remove incumbrances or to quiet title to land, or to prevent or stay waste on land, where the venue is fixed in the county where the land is situated, subdivision 14, article 1995, but this is a suit brought on the ground of the actual fraud perpetrated in the particular county, subdivision 7, art. 1995.

The judgment of the trial court is reversed, and the cause remanded to be tried in Bexar county.