## FEDERAL MORTG. CO. v. HENSLEE.
### No. 1095.

Court of Civil Appeals of Texas. Waco.

Nov. 12, 1931.

Rehearing Denied Dec. 10, 1931.

·Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Eckford & McMahon, of Dallas, for appellee.

## ALEXANDER, J.

This was an action by Myrtle R. Henslee against Federal Mortgage Company for rescission of a certain contract by which Mrs. Henslee exchanged certain real and personal property belonging to her for real and personal property belonging to Federal Mortgage Company. The plaintiff alleged in substance that she owned a house and lot in Greenville, Tex., and certain furniture in said house and a farm consisting of 160 acres in Fannin county, and that she entered into an agreement with R. O. Yantis as the agent of Federal Mortgage Company by which she agreed to exchange her equity in the Greenville property, together with the household furniture therein, for an apartment house and the furniture therein belonging to the defendant and situated in the city of Dallas, the title to which was in one Shaw or Lingwiler, trustee for the defendant; that the apartment house had an outstanding lien against it amounting to $12,500 and held by the Federal Mortgage Company, and that the defendant represented and agreed that it would accept the plaintiff's equity in the Fannin county farm in settlement of the indebtedness against the apartment house. She alleged that after she had conveyed her Greenville property to the trustee for the defendant and had accepted a deed to and taken possession of the apartment house, she called upon Federal Mortgage Company to accept a deed to her equity in the Fannin county farm in cancellation of the indebtedness against the apartment house, but that the defendant refused to carry out its agreement. The testimony shows that after the negotiations were had between Mrs. Henslee and R. O. Yantis, Mrs. Henslee entered into a written agreement with G. W. Lingwiler, trustee for Federal Mortgage Company, by which she agreed to convey her equity in the Greenville property in exchange for the apartment house and furniture and to execute notes to said Lingwiler, trustee, in the sum of $12,500 and to secure same by a vendor's lien and deed of trust on the apartment house. In this written contract no mention was made of the agreement by Federal Mortgage Company to accept her equity in the Fannin coun-

ty farm in cancellation of the indebtedness against the apartment house. Thereafter deeds were passed by which the apartment house was conveyed to Mrs. Henslee and she conveyed to Lingwiler, trustee, the Greenville property and executed to the trustee the notes and deed of trust on the apartment house as per the terms of the agreement. The plaintiff further alleged that at the time the Federal Mortgage Company, through its agent, R. O. Yantis, represented that it would accept her equity in said farm in settlement of the indebtedness against the apartment house, there was then no intention of carrying out said agreement and that by reason thereof a fraud had been perpetrated on her. The plaintiff tendered back the deed to the apartment house and prayed that the notes executed by her to Federal Mortgage Company be canceled, and that the title to the Greenville property be divested out of Federal Mortgage Company and · vested in her, and that in the event the Greenville property had been sold by the Federal Mortgage Company, that she have judgment for the value thereof.

The case was tried before a jury on special issues, and the jury found that at the time the trade was made, R. O. Yantis, the representative of Federal Mortgage Company, agreed with plaintiff to take the 160-acre farm in Fannin county in satisfaction of the lien against the apartment house; that the plaintiff relied on said agreement, and that the market value of the Greenville property conveyed by the plaintiff to the defendant was the reasonable sum of $2,200. The trial court found that the Federal Mortgage Company had disposed of the property received by it from Mrs. Henslee and entered a judgment for the plaintiff canceling the deed conveying the apartment house to Mrs. Henslee and canceling the notes executed by her to Lingwiler, trustee, and entered judgment for the plaintiff against the defendant for the sum of $2,200. The defendant appealed.

The court submitted to the jury special issue No. 1, as follows: "Do you find and believe from a preponderance of the evidence that in negotiating the sale and exchange of the properties in evidence before you between plaintiff and defendant, did R. O. Yantis, the representative of the defendant, Federal Mortgage Company, agree with plaintiff to take her 160 acre farm in Fannin County in satisfaction of the lien against the apartment property conveyed by defendant to plaintiff?" To which the jury answered, "Yes." The appellant objected to the submission of this issue because the same was upon the weight of the evidence, in that it assumed that R. O. Yantis was the agent of Federal Mortgage Company with authority to make the agreement in question. The appellant also objected to the charge as a whole because no issue was submitted inquiring whether or not the said agent had authority

to bind the appellant by the representation, if any, made by him to the appellee, and objected to the court entering judgment for the appellee because there was no finding by the jury that the agent was authorized to make the agreement in question. The evidence shows that R. O. Yantis was the representative of the Federal Mortgage Company, with authority to appraise land and handle real estate, but there is a conflict in the testimony as to whether he had authority to make the terms of a trade and to bind Federal Mortgage Company. We think that the above issue assumed that Yantis was the agent of the Federal Mortgage Company, with authority to bind the company in making the trade, and that the trial court erred in submitting said issue to the jury without submitting an issue as to whether or not such agent had authority to bind the company by such representation, if any, so made by him.

The appellant directed a general demurrer to the plaintiff's petition which was overruled and, at the conclusion of the testimony, moved for an instructed verdict, and here complains of the action of the court in entering judgment against it because there was no allegation and no evidence to show that appellee suffered any damage by reason of the perpetration of the alleged fraud on her. The appellant also complains of the action of the court in refusing to submit to the jury a special issue requested by it inquiring whether or not the property conveyed to Mrs. Henslee was equal in value to the property parted with by her.

The plaintiff nowhere alleged or proved the value of the property received by her from Federal Mortgage Company in exchange for the property parted with by her. She did not allege the value of her equity in the farm which she claims to have contracted to convey to Federal Mortgage Company in cancellation of the indebtedness held by Federal Mortgage Company against the apartment house, nor that her equity in said farm was of less value than the indebtedness against said apartment house.

■■ The rule in this state is settled that the equitable remedy of cancellation or rescission is not available because of fraudulent representation made to induce the execution of a contract unless it is shown in connection therewith that some injury or damage has resulted to the party claiming to be aggrieved. Bryant v. Vaughn (Tex. Sup.) 33 S.W.(2d) 729, par. 1; Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1; Baden v. Deragowski (Tex. Civ. App.) 7 S.W.(2d) 123, 124; Lane v. Cunningham (Tex. Civ. App.) 38 S.W.(2d) 906. If the property received by Mrs. Henslee was as valuable as that parted with by her, and her equity in the Fannin county farm was

worth as much or more than the indebtedness which the Federal Mortgage Company agreed to cancel in consideration of the conveyance of the farm by her to the appellant, then she suffered no injury as the result of such alleged fraud. Since she failed to allege and prove that she had suffered any injury as the result of the perpetration of the alleged fraud on her, she was not entitled to a rescission of the contract.

The judgment of the trial court is reversed, and the cause remanded for a new trial.