**BLANKENSHIP et al. v. STRICKLIN et ux.**

No. 1529.

Court of Civil Appeals of Texas. Waco.

Nov. 22, 1934.

Phillips, Trammell, Chizum, Price & Estes and C. L. Orn, all of Fort Worth, J. B. Dudley, of Oklahoma City, Okl., and Seale & Seale, of Centerville, for appellants.

W. D. Lacey, of Centerville, for appellees.

ALEXANDER, Justice.

J. H. Stricklin and wife, Annie Stricklin, executed and delivered to G. T. Blankenship a mineral deed conveying to him one-eighth of the oil, gas, and other minerals in a certain 85-acre tract of land owned by the grantors, and, as a part of the same transaction, said grantors executed and delivered to the Farmers' Royalty Holding Company a mineral deed conveying to it three-eighths of the oil, gas, and other minerals in the same tract of land. Later said grantors filed two separate suits, one against Blankenship and the other against the Farmers' Royalty Holding Company to cancel said conveyances. The two suit were consolidated, and, upon a trial before the court without a jury, judgment

was entered for plaintiffs canceling said deeds. The defendants appealed.

The evidence shows that the Farmers' Royalty Holding Company was a corporation. Blankenship, its president, was engaged in securing conveyances of mineral rights to the corporation for which stock in the corporation was exchanged. In keeping with his general scheme of operation, Blankenship through his agent induced Stricklin and wife to enter into a written contract to employ him to assist them in pooling their land with said corporation, and in consideration therefor they conveyed to him one-eighth of the minerals in the tract of land in question. At the same time, and as a part of the same transaction, Stricklin and wife were induced to execute a conveyance of three-eighths of the minerals in the same land to the corporation, and in consideration therefor the grantors received three-eighths of a share of stock in the corporation for each acre of land included in the conveyance.

■ The plaintiffs sought to cancel said conveyances on account of certain false representations alleged to have been made by the defendant's agent, at the time of securing said conveyances, as to the nature of the property owned by said corporation and included in the pool and the dividends that would be paid to the holders of stock in the corporation. The trial court found that the representations were made by the defendant's agent as alleged, and that as a result the plaintiffs were entitled to have said conveyances canceled. The plaintiffs, however, did not allege nor prove the value of the mineral rights conveyed by them to the defendants nor the value of the corporate stock received by them in exchange therefor. The trial court found that the stock received by the plaintiffs was worthless, but there was no evidence whatever introduced to support such finding. The rule in this state is settled that the equitable remedy of cancellation or rescission is not available because of fraudulent representations made to induce the execution of a contract, unless it is shown in connection therewith that some injury or damage has resulted to the party claiming to be aggrieved. Bryant v. Vaughn (Tex. Sup.) 33 S.W.(2d) 729, par. 1; Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1; Baden v. Deragowski (Tex. Civ. App.) 7 S.W.(2d) 123, 124; Lane v. Cunningham (Tex. Com. App.) 58 S.W.(2d) 35; Files v. Spencer (Tex. Civ. App.) 62 S.W. (2d) 161; Federal Mortgage Co. v. Henslee (Tex. Civ. App.) 43 S.W.(2d) 609, par. 2.

While the writer does not subscribe to this doctrine, it seems to be the well-established rule of the Supreme Court. Since the plaintiffs wholly failed to prove that the corporate stock received by them in consideration for the conveyances sought to be canceled was of less value than the mineral rights conveyed by them, they were not entitled to have the mineral deeds canceled on account of the alleged fraud.

■ The plaintiffs seek to justify the judgment of the trial court canceling the two conveyances, on the ground that the property conveyed was their homestead and the notary who took the wife's acknowledgment did not correctly explain the instruments to her. No such contention was raised by the pleadings in the suit to set aside the conveyance to the corporation, and hence the judgment of the court canceling that conveyance cannot be so justified. In the suit to set aside the conveyance to Blankenship, it was alleged, and the trial court found, that the property in question was the homestead of the grantors, and that the notary who took the wife's acknowledgment did not correctly explain the contents of the instrument to her. The evidence shows, however, without dispute that Mrs. Stricklin appeared before the notary for the purpose of acknowledging said deed, and that she was examined by the notary privily and apart from her husband. The evidence further shows without dispute that the agent who represented the grantees in said transactions was not present when the wife's acknowledgment was taken. The notary's certificate is in statutory form, and there is no evidence that either of the defendants or their agent knew that the notary had failed to properly perform his duty. The rule is firmly established in this state that, where a married woman, who has, with her husband, signed a deed conveying her separate real estate or the homestead, appears before an officer authorized by law for the purpose of acknowledging the conveyance, and the officer fails to do his duty in taking such acknowledgment, but makes a certificate which shows a full compliance with the law, such certificate is conclusive upon the married woman in favor of an innocent vendee who paid value for it without notice that the officer failed to perform his duty as required by law. 1 Tex. Jur. 585; Wheelock v. Cavitt, 91 Tex. 679, 45 S. W. 796, 797, 66 Am. St. Rep. 920; Pool v. Chase, 46 Tex. 207, 210; Kocourek v. Marak, 54 Tex. 201, 205, 38 Am. Rep. 623; Waltee v. Weaver, 57 Tex. 569, 571; Davis v. Kennedy,

58 Tex. 516; Ward v. Weaver (Tex. Com. App.) 34 S.W.(2d) 1093.

The judgment of the trial court is reversed, and the cause remanded for a new trial.