**TEXAS OSAGE CO-OPERATIVE ROYAL-TY POOL et al. v. SULLIVAN et ux.**

No. 2916.

Court of Civil Appeals of Texas. Beaumont.

April 17, 1936.

Motion for Rehearing Withdrawn April 22, 1936.

R. L. House, of San Antonio, for appellants.

W. B. Thomas, of Groveton, for appellees.

O'QUINN, Justice.

April 18, 1930, S. T. Sullivan and his wife, Evie Price Sullivan, executed and delivered to T. Fred Evins, W. M. Morgan, and J. R. Klump, as trustees of Texas Osage Co-operative Royalty Pool, and the Flag Oil Company of Texas, a mineral deed conveying an undivided one-half interest in and to all of the oil, gas, sulphur, and other minerals in a certain 100-acre tract of land owned by the grantors, three-fourths of said one-half of said minerals to said Texas Osage Co-operative Royalty Pool, and one-fourth to said Flag Oil Company. Later, on February 1, 1935, said Sullivan and wife filed this suit against said grantees to cancel said conveyance. The case was tried to a jury upon special issues, upon their answers to which judgment was rendered for appellees canceling said conveyance. The defendants have appealed.

The plaintiffs, appellees, sought to cancel said conveyance on account of certain alleged false representations alleged to have been made to them by the agent of the defendants at the time of the execution of said mineral deed, as to the nature and value of the property owned by said Texas Osage Co-operative Royalty Pool and included in the Pool, and the dividends that would be paid to the holders of stock in said Pool. After the evidence was concluded, appellants moved for an instructed verdict in their favor, which was denied. The court then withdrew from the jury all issues pleaded and raised by the evidence except two, one as to whether A. W. Hill, the party who negotiated and concluded the contract of conveyance between the parties, was the agent of the Texas Osage Co-operative Royalty Pool, one of the vendees in the deed sought to be canceled, and the other, whether R. L. Hutson, the notary acting, took in accordance with law the acknowledgment of Mrs. Sullivan to the conveyance. The jury answered that Hill was the authorized agent of the Texas Osage Co-operative Royalty Pool, and that Mrs. Sullivan's acknowledgment of the execution of the mineral deed was not taken in accordance with the statutory requirements. Based upon these findings, judgment was rendered canceling said conveyance. This appeal is from that judgment.

Appellees seek to justify the judgment on the ground that the property conveyed was their homestead, and that the notary who took Mrs. Sullivan's acknowl-

edgment did not explain the instrument to her, and that her acknowledgment was not taken privily and apart from her husband, as required by article 6605, R.S. 1925, wherefore said conveyance was void. Sullivan and his wife both testified that she signed the deed in the presence of Hill, her husband, and the notary, and that the notary made no explanation of the instrument to Mrs. Sullivan. The acknowledgment of Mrs. Sullivan was regular on its face, and the notary, R. L. Hutson, testified that it spoke the truth— that he took Mrs. Sullivan's acknowledgment to the deed privily and apart from her husband, and that he fully explained the instrument to her; that he and Mrs. Sullivan were in the kitchen away from the others when she acknowledged the instrument.

It is not denied that Mrs. Sullivan appeared before Hutson, the notary who took her acknowledgment. Nor is there any contention that Hutson, in any manner, imposed upon or misled Mrs. Sullivan in the matter. It seems to be well settled by the great weight of authority that the testimony of the party whose acknowledgment is certified is not sufficient to overcome the certificate of the officer. 1 Tex.Jur. § 199, p. 601; Cockerell v. Griffith (Tex.Civ.App.) 255 S.W. 490; Haskins v. Henderson (Tex. Civ.App.) 2 S.W.(2d) 864; Ward v. Weaver (Tex.Com.App.) 34 S.W.(2d) 1093; Blankenship v. Stricklin (Tex.Civ. App.) 77 S.W.(2d) 339; Blankenship v. Lusk (Tex.Civ.App.) 77 S.W.(2d) 341. The evidence was insufficient to support the finding of the jury and the judgment based thereon.

As the case will be reversed and remanded for another trial, we feel that, in view of the pleadings and the evidence, we should state that appellants' plea of ratification by appellees of the contract of conveyance of the mineral interest mentioned in the deed was not only raised by the evidence, but sustained by the proof of acceptance by appellees of the several dividends paid to them beginning shortly after the execution of the conveyance and continuing up to within a few months before the filing of this suit. These dividends were paid to appellees in consonance with the terms of the conveyance and contained upon the face of the dividend checks recital of the purpose for which they were given. We do not pass here upon this question because we doubt the sufficiency of appellants' assignment to present same. If the evidence on another trial on this issue should be the same as here, judgment should be instructed for appellants.

The judgment is reversed, and the cause remanded for another trial.