**THRASHER v. COTHREN et al.**

No. 1654.

Court of Civil Appeals of Texas. Eastland.

April 2, 1937.

Wynne & Wynne, of Longview, Chauncey & Chauncey, of Jefferson, and Turner, Rodgers & Winn, of Dallas, for appellant.

King, Mahaffey & Wheeler, of Texarkana, for appellees.

LESLIE, Chief Justice.

This is an appeal from the order of the trial court overruling the defendant's plea of privilege to be sued in Gregg county, the county of his residence.

Marco B. Mays Cothren, joined by her husband W. T. Cothren, instituted the main suit July 8, 1935, in the district court of Bowie county against S. R. Thrasher, a resident of Gregg county. The object of the suit was to cancel a deed or instrument of conveyance alleged to have been executed by her and her husband February 25, 1931, and purporting to quitclaim to said Thrasher her separate property interest in a tract of land situated in Gregg county, Tex., and inherited from her father.

She alleged that such deed was procured from her by fraud upon the part of said Thrasher, as well as coercion on the part of her brother J. H. Mays, and further that the notary public pretending to take her acknowledgment to such deed falsely recited in his certificate of acknowledgment that she had willingly signed such deed for the purposes and consideration therein expressed and that she did not wish to retract it. She alleges that at the time of signing the instrument she asserted her unwillingness to do so. The fraudulent acts are alleged to have been committed upon her in Bowie county.

The defendant's plea of privilege contended for venue in Gregg county, the county of his residence (R.S. 1925, art. 2007, and art. 1995 [as amended, Vernon's Ann.Civ.St. art. 1995]), and the plaintiff seeks to establish venue in Bowie county under exception .7 of art. 1995, R.S.1925 (as amended by Acts 1927, 1st Called Sess., c. 72, § 1 [Vernon's Ann.Civ.St. art. 1995, subd. 7] pertaining to fraudulent transactions.

In substance the facts out of which the litigation arises are as follows: About September 8, 1911, the plaintiff's father died, leaving five children, among them the plaintiff Mrs. Cothren and the brother, J. H. Mays. It appears to have been the wish of the father that J. H. Mays wind up his estate. The land in controversy was a part of that estate. Prior to his death it had been sold by the father to a negro, who, finding himself unable to meet the deferred payments, reconveyed the land to the said J. H. Mays on November 9, 1911. This was equally for the benefit of himself and the other children and not a conveyance to him for his sole individual benefit. A short while after this conveyance J. H. Mays, with the acquiescence and consent of the brothers and sisters, including plaintiff, sold the land November 29, 1911, to the defendant S. R. Thrasher for

$800, which was distributed pro rata among the heirs and accepted by them. After said conveyance, Thrasher conveyed to J. F. Stuckey, November 19, 1921, a part of said land, or an interest therein. The interest reserved seems to have been "one half of all the minerals consisting of gas and oil." Thrasher and his assignees appear to have had complete, undisturbed, and adverse possession of the property, under inclosure and paying taxes, since November 29, 1911.

This suit was instituted July 8, 1935. Recent oil developments in the vicinity of the land seem to have made it expedient that said Thrasher obtain a quitclaim deed, or some form of conveyance from each of the brothers and sisters since they did not join in the J. H. Mays deed to Thrasher of date November 29, 1911. Endeavoring to clear up an apparent objection to his record title, Thrasher obtained from plaintiff, in Bowie county, the instrument which she now seeks to cancel. Through the years none of the Mays family has laid claim to the land, and neither have they rendered the same for taxes or paid taxes thereon.

As we construe the pleadings, the sole purpose of the suit is to cancel the quitclaim deed or instrument of conveyance executed February 25, 1931, by Mrs. Cothren (joined by her husband) to defendant Thrasher, and alleged to have been procured by fraudulent means, representations, etc. Woolridge v. Dibrell (Tex.Civ.App.) 36 S.W.(2d) 831, and authorities there cited.

This court has more than once reviewed the testimony introduced upon the trial of this case. It is rather long and to set it out in this opinion would serve no useful purpose. Suffice it to say that with the elements of fraud in mind we have considered the testimony carefully, and, as a result, we have reached the conclusion that there is no evidence establishing either actual or constructive fraud which plaintiff alleges to have been committed on her in Bowie county, Tex., by the defendant Thrasher, or by the said Thrasher in connection with either J. H. Mays, brother of plaintiff, or the notary public who took plaintiff's acknowledgment.

■ The notary's certificate of acknowledgment attached to the instrument is in due and legal form. It is undisputed that Mrs. Cothren appeared before the notary and signed the instrument. There is no proof that any fraud or imposition was practiced on her to induce her to acknowledge the deed. Prior to her execution of the deed and the day following she appears to have expressed a dissatisfaction with signing the same, but there is no testimony that at the very time she signed and acknowledged same there was a disinclination to do so, or that there was present any fact or attitude upon her part contradictory of the notary's certificate. However, if it be conceded that at said time there is some testimony that she exhibited some hesitancy or lack of desire to sign and acknowledge the same, no one else so testified on that aspect of the transaction. As said in Texas Osage Co-op. Roy. Pool et al. v. Sullivan et ux. (Tex.Civ.App.) 93 S.W.(2d) 566, 567, "It seems to be well settled by the great weight of authority that the testimony of the party whose acknowledgment is certified is not sufficient to overcome the certificate of the officer. 1 Tex.Jur. § 199, p. 601; Cockerell v. Griffith (Tex.Civ.App.) 255 S.W. 490; Haskins v. Henderson (Tex.Civ.App.) 2 S.W. (2d) 864; Ward v. Weaver (Tex.Com. App.) 34 S.W.(2d) 1093; Blankenship v. Stricklin (Tex.Civ.App.) 77 S.W.(2d) 339; Blankenship v. Lusk (Tex.Civ.App.) 77 S.W.(2d) 341." See Robertson v. Vernon et ux. (Tex.Com.App.) 12 S.W.(2d) 991.

■ The certificate of acknowledgment in such cases must be held conclusive of the facts therein stated, unless fraud or imposition is alleged and proved. Hartley v. Frosh, 6 Tex. 208, 55 Am.Dec. 772; Williams v. Pouns, 48 Tex. 141, 146; Pool v. Chase, 46 Tex. 207, 210; Davis v. Kennedy, 58 Tex. 516; Robertson et al. v. Vernon et ux. (Tex.Com.App.) 12 S.W.(2d) 991, and authorities cited in the second column on page 992. The assignments challenging the judgment on the grounds that the same is unsupported by the testimony are sustained.

As above stated, the plaintiff's pleadings merely seek the cancellation of the instrument alleged to have been procured by fraud in Bowie county. After the filing of the main suit, the defendant appears to have instituted a suit in Gregg county in trespass to try title against the plaintiffs for the same lands. In a supplemental pleading the plaintiffs sought to enjoin Thrasher from prosecuting the suit in Gregg county. We interpret this to be merely an attempt to preserve the prior acquired jurisdiction of the Bowie county

district court to try out the merits of the instant case. Considering the pleadings as a whole, we do not believe its real purpose is recovery of title to lands, etc.

■ This case has been fully developed. The plaintiff has testified on the different phases of the same and all the testimony available to her and bearing upon the issues raised has evidently been adduced. We, therefore, and for the reasons above assigned, reverse the judgment of the trial court and direct that the venue of the same be changed to Gregg county, Tex., the county of the defendant's residence. It is so ordered.