## TEXAS OSAGE CO-OPERATIVE ROYALTY POOL et al. v. JAMES et ux.

### No. 8812.

Court of Civil Appeals of Texas. Austin.

May 31, 1939.

House & Irvin, of San Antonio, for appellants.

No briefs filed for appellees.

BLAIR, Justice.

Appellees, Cole James and his wife, Stella English James, sued appellants, Texas Osage Co-Operative Royalty Pool, a common law trust, and its trustees, J. R. Klumpp, T. Fred Evins, and D. N. Cushing; and the Flag Oil Company of Texas, a Texas corporation, to cancel a mineral deed conveying one-half of the minerals in and under the 60-acre tract of land described, belonging to appellees. The grounds for cancellation alleged were: (1) that the mineral deed was obtained by certain alleged fraud and misrepresentation of appellants to appellees; (2) that the notary who took the acknowledgment of Mrs. James to the mineral deed failed to examine her privily and apart from her husband, and failed to fully explain same to her; and (3) that the notary had an interest in the transaction and was acting as the agent of appellants, and was therefore incompetent to take the acknowledgment. Appellees also plead failure of consideration for the mineral deed.

Appellants filed a plea in abatement, a general demurrer and special exceptions, which were overruled. Appellants answered by a general denial, a plea of ratification and estoppel, and a special plea that the cause of action for cancellation of the mineral deed was barred by Art. 5529, R.S.1925, the four-year statute of limitation.

At the conclusion of appellees' evidence, appellants filed a motion for an instructed verdict, which was granted with respect to the issue of fraud as inducing the execution of the mineral deed, the court holding that no fraud had been proved. All parties then rested, and appellees filed a motion for an instructed verdict; which the court granted, and rendered judgment cancelling the mineral deed and removing same as cloud upon the homestead of appellees; hence this appeal by appellants.

■ Appellees made no objection to the action of the court instructing a verdict against them on the issue of fraud as inducing the execution of the mineral deed; and have not provided us with a brief. The failure of consideration plead was not sustained by any evidence as a matter of law. The trial court must have therefore based its instructed verdict for appellees upon the ground that the notary failed to examine Mrs. James privily and apart from her husband, and to fully explain the mineral deed to her. This ground cannot be sustained, because there was no fraud proved with respect to the taking of Mrs. James' acknowledgment to the mineral deed. She testified that the notary took her acknowledgment in the room where her husband was, and that the notary explained it to her. The only fraud alleged was that appellants' representatives made certain false and fraudulent representations which induced appellees to execute the mineral deed; and that the notary was interested in the transaction and was the agent of appellants, and was with their representatives when they made the fraudulent representations which induced appellees to execute the mineral deed. The trial court concluded that no fraud alleged had been proved, and instructed a verdict for appellants on the issue of fraud. Appellees made no complaint with respect to this action of the court; and in consequence the question presented to the trial court and to this court was and is whether appellees may impeach the acknowledgment of Mrs. James by oral testimony, where no fraud or imposition has been alleged in the taking of the acknowledgment, and where the certificate of the notary appears to be regular on its face, reciting that Mrs. James was examined privily and apart from her husband, and that the instrument was fully explained to her.

■ No rule of law is better settled in Texas than the one that, in the absence of fraud or imposition, the certificate of a notary or officer taking the acknowledgment of a married woman is conclusive of the facts therein recited. Hartley v. Frosh, 6 Tex. 208, 55 Am.Dec. 772; Brand v. Colorado Salt Co., 30 Tex.Civ.App. 458, 70 S.W. 578; Waltee v. Weaver, 57 Tex. 569, 571; Oar v. Davis, 105 Tex. 479, 151 S.W. 794; Haskins v. Henderson, Tex.Civ.App., 2 S.W.2d 864; Blankenship v. Stricklin, Tex.Civ.App., 77 S.W.2d 339; Blankenship v. Lusk, Tex.Civ.App., 77 S.W.2d 341; Davis v. Kennedy, 58 Tex. 516; Cockerell v. Griffith, Tex.Civ.App., 255 S.W. 490; Texas Osage Co-operative Royalty Pool v. Sullivan, Tex.Civ.App., 93 S.W.2d 566; Speer on Marital Rights, p. 306.

■ The notary who took the acknowledgment was a notary in and for Trinity County, and there was parol evidence tending to show that he took the acknowledgment of Mrs. James in Houston County, where the land was situated. The certificate of acknowledgment contains the caption of Houston County, and the notary was one in and for Trinity County, as shown by his certificate and seal. This fact, however, does not keep the acknowledgment from being regular on its face. Such is the rule announced in the cases of Alexander v. Houghton, 86 Tex. 702, 26 S.W. 937, and Blythe v. Houston, 46 Tex. 65. And if the trial court based its instructed verdict upon the ground that the acknowledgment was invalid because taken by a notary outside of his county or jurisdiction, then such holding cannot be sustained. In the first place, appellees did not allege that the acknowledgment of Mrs. James was invalid because taken by the notary outside his county or jurisdiction.

In the second place, the established rule is stated in the case of Loden v. Carothers, Tex.Civ.App., 85 S.W.2d 291, 293, wherein the acknowledgment of a married woman was taken out of the county of the notary's jurisdiction, and wherein the court says that "The rule is also well settled that where a married woman has appeared before a notary for the purpose of acknowl-

edging her deed, the fact recitals of the notary's certificate regularly in the form of acknowledgment are conclusive against her, unless fraud or imposition is shown and in which the purchaser participated or had notice before paying the purchase money. Haskins v. Henderson, Tex.Civ. App., 2 S.W.2d 864, and authorities there cited. This rule is based upon two grounds: (1) The purchaser is favored with the general presumption of law that an officer in the performance of his duty did so rightfully and in a lawful manner and that he acted within and not in excess of his authority, 17 Tex.J. § 76, page 277, and authorities there cited; (2) estoppel on the part of the grantor to wrongfully take advantage of her own acts. In the present case Mrs. Loden appeared before the notary for the purpose of acknowledging the deed. No complaint is made of fraud or imposition upon her, and none is shown. She signed, acknowledged, and delivered the deed, and accepted the purchase price."

The trial court also erred in refusing to sustain appellants' plea of limitation. The mineral deed was executed and delivered May 6, 1930. This suit for its cancellation was filed October 19, 1934. The only plea of appellees as tolling the running of limitation was that the execution of the instrument was induced by fraud; which they did not discover until several months after its execution. The trial court found that no such fraud was practiced upon appellees, and instructed a verdict against them on the issue of fraud. No complaint was made by appellees with respect to this action of the court. They therefore waived their plea of fraud as tolling the running of limitation; and the trial court erred in not granting appellants' motion for an instructed verdict and for judgment upon the ground that the cause of action asserted was barred by limitation as a matter of law. Dublin v. Taylor, B. & H. Ry. Co., Tex.Civ.App., 49 S.W. 667; Id., 92 Tex. 535, 50 S.W. 120; Stephens v. Leatherwood, Tex.Civ.App., 295 S.W. 236; Starnes v. Beitel, 20 Tex.Civ.App. 524, 50 S.W. 202; Fry v. Baker, 59 Tex. 404; Pyron v. Brownfield, Tex.Civ.App., 238 S. W. 725; Veeder v. Gilmer, 103 Tex. 458, 129 S.W. 595; Kopke v. Votaw, Tex.Civ. App., 95 S.W. 15; Sanborn v. Crowdus Bros. & Co., Tex.Civ.App., 99 S.W. 444, 445; Hamilton v. Green, Tex.Civ.App., 166 S.W. 97; Kimmey v. Abney, Tex.Civ. App., 107 S.W. 885; Smith v. Bradshaw,

Tex.Civ.App., 93 S.W.2d 468, 7 Tex.Jur. 952; 23 Tex.Jur. 350; Art. 5529, 1925 R.S.

The judgment of the trial court is reversed and judgment is here rendered for appellants, and that appellees take nothing by their suit.

Reversed and rendered.