## JACOBY et ux. v. NORTH AMERICAN BUILDING & LOAN ASS'N.

### No. 12824.

Court of Civil Appeals of Texas. Dallas.

Dec. 16, 1939.

Rehearing Denied Jan. 20, 1940.

Helen M. Viglini, of Dallas, for plaintiffs in error.

J. Cleo Thompson and Paul McCarroll, both of Dallas, for defendant in error.

BOND, Chief Justice.

The North American Building & Loan Association instituted this suit against George Jacoby and wife, Hattie Jacoby, primarily, in trespass to try title; and, alternatively, on a promissory note in the principal sum of $1,800, with interest and attorney's fees, and for foreclosure of a deed of trust lien upon the property involved in this suit, admittedly the homestead of plaintiffs in error. The defendant in error was designated in the court below as plaintiff, and the plaintiffs in error, as defendants; they will be so designated here.

The cause was submitted to a jury and, on its verdict and the undisputed facts found by the court, judgment was entered in favor of plaintiff on the note in suit, for the sum of $1,740.81 principal, with unpaid interest thereon at the rate of 7 per cent. per annum, from March 28, 1936, until paid, and 10 per cent. upon the principal and interest, as attorney's fees, aggregating, at the time of trial, the sum of $2,205.26, less a credit of $795, which was awarded to the defendants on cross action, for damages resulting from a writ

of sequestration having been illegally sued out and divesting defendants of their homestead, leaving a net judgment in favor of the plaintiff in the sum of $1,410.26, with foreclosure of a deed of trust lien on the property, limiting, however, the foreclosure for $1,209.79, and a personal judgment against defendant, George Jacoby, for $200.47, attorney's fees. Plaintiff makes no complaint of the judgment; defendants alone appeal. So, we are not concerned here with the primary objective of plaintiff's suit in trespass to try title, or the damages awarded to defendants on their cross action. The validity of the $1,800 note and deed of trust on defendants' homestead is the crux of the appeal.

The record reveals that the $1,800 note and deed of trust, dated February 4, 1935, were given as a renewal and extension of successive notes and deeds of trust, executed by the defendants to other loan companies and individuals: On June 1, 1926, defendants secured a loan from the Commonwealth Building & Loan Association, evidenced by note and deed of trust, in the sum of $1,500, to extend and renew a valid and subsisting vendor's lien against the property, in the sum of $250, and for the purpose of making additional improvements thereon in the sum of $1,250, evidenced by a mechanic's lien contract, executed in the form and manner required by law; on August 2, 1937, the Commonwealth Building & Loan Association conveyed the $1,500 note and lien to Porter Lindsley, and then, in turn, the note and liens were conveyed to Helena Walford and George Walford; and, finally, on February 9, 1931, to the plaintiff, North American Building & Loan Association. In consideration of such renewals and extensions, plaintiff herein loaned to defendants the value of the $1,500 note and accumulated interest thereon and, in addition thereto, the parties to the transaction added another amount of $300, the validity of which is attacked by defendants. This transaction was evidenced by a note and deed of trust in the sum of $1,850, executed by defendants and, at maturity thereof on June 12, 1933, another renewal and extension of all of said indebtedness was executed, evidenced by another note and deed of trust in the sum of $2,400. On February 4, 1935, in furtherance of an extended renewal of the indebtedness and lien, and in compromise of defendants' express grievances as to the legality of all charges and extensions theretofore made, evidenced by the aforesaid transactions, the $1,800 note and deed of trust involved here were executed. We adopt the specific findings and conclusions of the trial court on the transactions here involved, as follows: " * * the note and deed of trust dated February 4, 1935, were given in renewal and extension of a note and deed of trust dated June 12, 1933, in the amount of $2400.00 which note and deed of trust were in turn given in extension and renewal of a note in the amount of $1850.00 dated February 9, 1931, and secured by a deed of trust, said sum of $1850.00 having been advanced by plaintiff for the purchase of a valid and subsisting lien in the amount of $1500.00 together with $70.00 interest due thereon and a mechanic's lien in the amount of $300.00 on defendants' homestead, and while under the jury's findings the $300.00 lien is invalid, all of the $1500.-00 note and lien, together with the interest thereon, was a valid obligation against defendants' homestead, having been executed in part for the renewal and extension of a purchase money note and lien and in part for the placing of improvements upon defendants' homestead in the year 1926, and the court finds that no part of the principal sum of said $1500.00 lien has ever been paid and the same was at the time of this suit and is yet wholly in default and on the basis of the foregoing facts was a valid and subsisting lien against defendants' homestead."

Defendants contend that the $1,-800 note and deed of trust were not signed by the wife, and that the deed of trust was not acknowledged by her before a notary public in the form and manner, privily and apart from her husband, as to make such obligation an effective lien against their homestead. The contention is based on the findings of the jury that, the wife did not sign the instruments, and, on defendants' plea of non est factum, a due execution thereof was not shown. Indeed, the jury found that the wife did not sign the note and deed of trust, but the uncontradicted evidence shows that the wife's name was appended to both the note and deed of trust; and, in response to special issue, the jury found that "the defendant Hattie Jacoby personally appeared before the notary public H. T. Lackey, for the purpose of acknowledging the deed of trust bearing date February 4, 1935", and we think the evidence clearly supports the findings. The overwhelming weight of the testimony is to the effect that Hattie Jacoby signed the deed

of trust, and that she acknowledged the same in all formalities of law. The certificate of the notary is in proper statutory form, and, in the absence of pleadings and evidence impeaching the certificate for fraud or imposition, it was immune from collateral attack, in that neither fraud nor imposition was shown to exist. It is settled that, where a married woman appears before a notary for the purpose of acknowledging an instrument, the fact recitals of the notary's certificate of acknowledgment are conclusive, unless fraud or imposition is shown. Ward v. Weaver, Tex.Com.App., 34 S.W.2d 1093.

Defendants further urged the invalidity of the note and deed of trust, on account of usury in the former transactions. Where a husband and wife execute to a lender their note and deed of trust for a sum in excess of the amount loaned, and thereafter, by reason of the failure of the borrowers to make any substantial payment on the note, or to pay insurance and taxes on the mortgaged property standing as security, which they agreed to do by express terms of the deed of trust, resulting in the lender advancing such taxes and insurance, thereby increasing the original amount of the loan; and, on the borrowers' complaint that the amount of the note exceeds the true indebtedness, the lender voluntarily reduces the amount of the obligation by the amount of all interest paid and the excess amount charged in the note, and accepts a new obligation for the actual amount advanced (executed by the borrowers), the transaction becomes purged from that time forward of any invalidity that may have existed in the original transaction.

The record in this case is devoid of any proof tending to show that the $1,500 lien bought by the plaintiff through a succession of conveyances from the original loaner, Commonwealth Building & Loan Association, was tainted with any invalidity. The defendants paid little or nothing on the obligation, and, in the course of years, until February 4, 1935 (when the note in suit was executed), failed to pay. taxes and insurance on the secured property, which were paid by plaintiff, amounting to more than the sum attacked by defendants as invalid; and the jury, in response to special issue, having found that defendants agreed with plaintiff on a complete compromise and settlement of all such disputed issues, antedating the execution of the $1,800 note, we think the note

and deed of trust were purged of any invalidity, if any existed, especially when the judgment of the court reduced plaintiff's debt far below any amount which defendants contend is invalid.

From a careful review of the record, we fail to find any reversible error; accordingly, the judgment is affirmed.

Affirmed.